GOTTFRIED *v.* MOERLEIN and eighteen other cases.

*(Circuit Court, S. D. Ohio.* November 22, 1882.)

PATENT EXPIRED AFTER SUIT BROUGHT—RELIEF GRANTED.

> The mere fact of the patent expiring after suit brought, and before final hearing, will not defeat the jurisdiction. A court of equity will administer any relief it finds necessary.

In Equity.

*Banning & Banning,* for complainant.

*Parkinson & Parkinson,* for defendants.

BAXTER, C. J. The foregoing causes came on to be heard upon the motion of defendants to dismiss each of said causes, for the reason that it appearing upon the face of the pleadings and record that the patent sued upon has expired before the submission of the cause for an injunction or any equitable relief, and the pleadings showing no cause for equitable relief other than for the purpose of an injunction, there is no ground for the intervention of a court of equity, and that no such equitable relief can be granted as to enable this court, as a court of equity, to acquire jurisdiction for the purpose of any relief whatever; and, said motion having been argued by counsel for defendants, the court refusing to hear arguments for complainant, and the court, being now fully advised in the premises, doth order that said motion be and the same is hereby overruled.

NOTE. Judge BAXTER, in disposing of the above motion, said, in substance, that at the time the suit was brought the patent was still in force, and it was therefore properly brought on the equity side of the court; that the mere fact of the patent expiring before final hearing would not defeat the jurisdiction; and that a court of equity would administer any relief it found necessary. Judge GRESHAM, District of Indiana, ruled the same way in *Gottfried* v. *Crescent Brewing Company,* 13 FED. REP. 479, the point being there made, in opposition to the entry of a decree, "that the patent having expired before the submission of the cause, the court had no jurisdiction as a court of equity to award an injunction or account, or other relief."