### SINGER MANUF'G CO. *v.* BENT.

### SAME *v.* LARSEN.

*(Circuit Court, N. D. Illinois.  December 23, 1889.)*

TRADE-MARKS—INFRINGEMENT.
    A manufacturer has the right to buy old machines of another make, and to repair, repaint, and sell them again, without removing the trade-mark put on them by their manufacturer.

In Equity.  Bills for infringement of trade-mark.
*Offield & Towle* and *L. Maxwell, Jr.*, for complainant.
*J. G. Elliott*, for defendants.

BLODGETT, J.  These two cases have been tried with the preceding case against the June Manufacturing Company, *ante*, 208, and present the same issues; and the same testimony has, by stipulation, been considered. The facts are so entirely similar that I do not deem it necessary to go into any analysis or statement of them. In the last-named

case, the defendant, Larsen, is the same person who was defendant in the case before Judge DRUMMOND, reported in 8 Biss. 151, to which I have referred. And, waiving all question as to whether that case may not have been pleaded as a bar to this case, it is sufficient to say that the proofs in the case show that the defendant has, as it seems to me, scrupulously refrained from making or advertising his machines as the manufacture of complainant, or claimed in any way that they were manufactured by the complainant. He seems to have borne constantly in mind the admonition given by Judge DRUMMOND in the former case, that he must avoid all appearance of attempting to claim or inform the public that his machines are the manufacture of the complainant.

It is true complainant's proofs seem to show that defendant had sold two machines bearing complainant's trade-mark; but the defendant has quite satisfactorily shown that these two machines were manufactured by complainant, and came into defendant's possession as second-hand machines, in exchange for machines given by defendant; that defendant caused these two old machines to be repaired and repainted, but left the complainant's trade-mark plate upon them, and sold them in that condition; that afterwards, defendant hearing that one of complainant's agents had seen one or both these machines after defendant had sold them, and commented upon the fact that they bore the complainant's trade-mark, defendant removed the trade-mark plates from the arms of the machines. This removal was an entirely unnecessary and uncalled for act on the part of the defendant. He had the undoubted right to buy these old machines, repair them, and sell them again, with all the *indicia* of their origin which complainant had put upon them; and his removal of the plates was undoubtedly induced by the suggestion from Judge DRUMMOND in his former case. The two bills are therefore dismissed for want of equity.