## CARR *v.* FIFE *et al.*

*(Circuit Court, D. Washington, W. D.* February 23, 1891.).

REMAND—JURISDICTIONAL AMOUNT—AMENDMENT OF RECORD.

Where the jurisdiction of a circuit court is challenged on the ground that the record does not show the value of the property in controversy to exceed $2,000, that particular point being made for the first time after a final hearing and decree, the property being in fact of sufficient value, the court will not deny its jurisdiction, but will allow the omission in the record to be supplied by the filing *nunc pro tunc* of a proper affidavit.

*(Syllabus by the Court.)*

In Equity. Motion to remand.
*Thomas Carroll* and *John Arthur,* for plaintiff.
*Galusha Parsons,* for defendants.

HANFORD, J. The plaintiff has heretofore moved to remand this cause to the superior court of Pierce county, on the ground that it is not a case within the jurisdiction of this court. That motion was, after full argument, denied, and the reasons therefor are given in my opinion upon the merits now on file. 44 Fed. Rep. 713. And now, after the final hearing and decree in the case, the plaintiff has filed a second motion to remand, for the reason that the record does not show affirmatively that the value of the property in controversy is sufficient to bring the case within the jurisdiction of this court,—a point not suggested by the first motion. It is not asserted that the value is not in fact sufficient. On the contrary, the land is, and was at the time the suit was commenced, worth many times $2,000, and that fact has often been mentioned and urged upon the attention of the court by counsel on both sides; but it is said that there is an omission in the record of any showing as to the value. The motion to remand will have to be denied. It cannot be remanded—that is, sent back—to the superior court of Pierce county, for the reason that it did not come here by removal from that court. I have already decided that the superior court never acquired jurisdiction of this case, and of course it cannot be remanded to the territorial court in which it was begun, for that court has ceased to be. Besides, there is no lack of jurisdiction in this court; there is only an omission in the record of a fact essential to the jurisdiction; and the proper thing to do is not to destroy any rights, but to supply the omission, and in denying the motion I will also make an order allowing that to be done. On the day the hearing commenced it was definitely admitted by counsel that the land was of sufficient value, and it was agreed that an affidavit showing the value should be filed, and be considered as then filed, and on that understanding the trial was proceeded with. The failure to actually place the affidavit on file has been through inadvertence; therefore, I will order that the proper affidavit, when made and presented, be filed *nunc pro tunc* as of the first day of the trial, and that the motion to remand be denied.