## MADDOX et al. v. THORN.

### (Circuit Court of Appeals, Fifth Circuit. February 6, 1894.)

#### No. 132.

1. APPEAL—OBJECTIONS NOT RAISED BELOW—RECEPTION OF EVIDENCE.

A jury was waived in a cause, and the issue therein, which was upon the disputed boundaries of a grant, was submitted to the court. The court, after hearing the evidence and arguments at the trial, held the cause for further evidence, and, some 15 months afterwards, appointed a person to make survey of the grant. Its finding was announced as based on the evidence heard and the report of the surveyor, the parties or their attorneys being all present. No objection was made to the appointment of the surveyor or to the consideration of his report, nor any suggestion that the case had been held so long that it was desirable to offer additional evidence or to re-examine the former witnesses. *Held,* that it was too late to raise these objections on appeal.

2. PLEADING—AMENDMENT—CITIZENSHIP—OBJECTION NOT RAISED BELOW.

Where a motion in arrest of judgment is made on the ground that the complaint fails to show diversity of citizenship between the parties, the court has power to allow the defect to be remedied by amendment, (Rev. St. § 954;) and an assignment of such amendment as error is not well taken, especially when defendant has indicated no purpose to contest such amended allegation of citizenship.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

At Law. This was an action by Leonard M. Thorn against Maddox Bros. & Anderson. There was judgment for plaintiff, and defendants bring error.

West & McGown, for plaintiffs in error.

Myron R. Geer, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The plaintiffs in error make eight specifications of error in their assignment. The fifth, sixth, seventh, and eighth are substantially that the circuit court's findings of fact do not support the judgment as rendered. This assignment, to our view, is manifestly not well taken, and will not be further discussed. The fourth assignment is substantially that the judgment leaves it as uncertain where the lines of the survey are to be found on the ground as when issue was joined between the parties as to the disputed boundary of the Gonzales survey. We think that a careful examination of the calls of the judgment for the corners and lines of the land claimed by the defendant in error, and found for him and adjudged to him, shows that this fourth assignment is not well taken. The second and third assignments of error we cannot consider, because they are taken for the first time in this court. There is no bill of exception showing that the action of the circuit court complained of in these assignments was objected to or excepted to in the circuit court at the time when the trial judge could have obviated the objection if it had been duly made. Justice to the adversary party, and common respect for the

trial court, alike require that a party aggrieved by the action of the trial court pending the progress of the case to judgment in that court shall, by proper motion and saving exception, call the attention of the court and of the adverse party to the ruling or action claimed to be erroneous. These assignments are instructive illustrations of the propriety of this rule, if the rule was not too well understood to call for support. In this case a jury was waived, and the issues of fact, as well as of law, were submitted to the judge. The real issue was the fixing of the disputed boundary or boundaries of an undisputed grant. The judgment filed and entered in the case September 15, 1892, recites:

"Defendants, Maddox Bros. & Anderson, [plaintiffs in error,] announcing ready for trial on June 5, 1891, and the court, after hearing the evidence and argument of counsel, passed the cause, and held the same for further testimony, and on the 1st day of August, 1892, appointed A. Q. Nash, of Sherman, Texas, to make a survey of the lands in controversy, and report his action to this court, and, said report of surveyor Nash being filed and the parties heard thereon, and the court, being fully advised as to all the facts in the cause, finds," etc.

This announcement of the judge's finding was made in open court, with the parties or their attorneys all present. No objection was then made, or had previously been made, to the appointment of Nash, or to his report of his survey being received and considered by the judge; nor was any suggestion made impeaching the report in any particular, or leave asked for time or opportunity to disprove or impeach the same, nor was any suggestion, by motion or otherwise, made to the court that the judge had held the case so long, to consider, that the defendants wished to be further heard in offering additional proof, or again examining witnesses produced and examined 15 months before. It is now too late for them to complain that:

"The trial court erred in rendering judgment in the case at its September term, 1892, upon the evidence taken and heard herein at the June term of said court, in 1891, because two terms of said court had passed since the submission of said cause at its June term, 1891; and, the case not having been decided at that term, the court ought to have directed a retrial of same, as he had no power to carry the case over, from term to term, after its submission."

Or that:

"The trial court erred in appointing the surveyor A. Q. Nash to make a survey of the land in controversy, and in considering said report as evidence in this cause, because his appointment was made after all the evidence had been introduced, the cause submitted at the June term, 1891, and the court adjourned for that term, and because these defendants had no opportunity to disprove or impeach the report of said A. Q. Nash."

There remains to be considered the first assignment of error, which has been earnestly pressed on our attention in the oral argument, and in the printed brief submitted on behalf of plaintiffs in error. It is that:

"The trial court erred in allowing the plaintiff to amend his petition in this cause so as to show diverse citizenship of the parties, plaintiff and defendants, after the court had, from the bench, rendered his judgment herein, and after defendants had moved to arrest said judgment, because there was no allegation and no proof of diverse citizenship of the parties, and the court had no jurisdiction over the case, and because to allow an

amendment at that time, and hear testimony upon a new issue, was, in effect, to compel defendants to defend a new suit, without notice or time for preparation, as appears from defendants' bill of exception No. 1."

Bill of exception No. 1 (there is no other bill of exception in the record) shows:

"That on September 14, 1892, the court announced its judgment in favor of the plaintiff, Thorn, and against the defendants, Maddox Bros. & Anderson, for the land in controversy; whereupon the said defendants filed a motion in arrest of judgment, and, no service being had upon plaintiff, who was present by his counsel in open court, his counsel consenting to the hearing of said motion, the court gave plaintiff's counsel until September 15, 1892, to be heard upon said motion. The judgment of the court was announced as stated, but was not entered of record until after both of said motions were heard, on September 15, 1892; and on September 15, 1892, plaintiff, Thorn, came with a motion to amend his pleading, as filed January 2, 1891, so as to show diversified citizenship of plaintiff and defendants, and said motion in arrest and motion to amend, both, at the same time, came on to be heard; and, the court being fully advised thereof, did order that said motion in arrest of judgment be overruled, and that plaintiff be allowed and permitted to amend his plea to show such diversified citizenship, and the defendants consented, subject to their motion in arrest of judgment, and the action of the court thereon that said plea be amended without rewriting said entire plea; but said amendment was granted by the court upon the terms that plaintiff, Thorn, pay one-half of said costs, and Maddox Bros. & Anderson pay the other half of said costs, as now taxed; and for more particularity reference is made to each of said motions, and likewise the orders of the court in reference thereto,—to which action of the court, as hereinbefore recited, in open court, the defendants excepted."

It is not necessary to recite the motions referred to and the orders thereon. The parties were all in court. This case was up. The parties had just been heard on Nash's report. It was known that the judge was ready to announce his decision. The parties were giving expectant attention. The judge announced his decision in favor of the plaintiff below, (the defendant in error,) doubtless, as the manner is on such occasions, stating orally his views of the case. On the instant the plaintiffs in error made their motion in arrest of judgment on the ground that the record did not show diversity of citizenship of the parties. Thereupon (we presume on oral motion or request) the court gave plaintiff's counsel until the next day to be heard on said motion. The counsel for the plaintiff immediately prepared an amendment of his pleadings, fully showing such diversity of citizenship, made oath to it before the clerk, got the counsel for the motion in arrest of judgment to accept service of the amended pleading, subject to motion in arrest of judgment, and filed the amendment thus verified, and service thereof accepted, with the clerk, on the day the decision was announced and the motion in arrest of judgment made. Doubtless, the matter progressed continuously as rapidly as was practicable. The trial judge had suspended the entry of judgment until the next day, when the parties were to be heard on the motion in arrest of judgment. On the next day the matter was again taken up. The plaintiff presented his motion for leave to amend his pleadings. All the parties were present and before the court, as on the day before. The defendants could then have suggested that they would want to contest the allegations of the amendment, and would

need time to obtain proof to support such contest. No such suggestion was then made by them. No suggestion is yet made that the citizenship of the parties is not, in fact, as is alleged in the amendment. Appellants stand on the proposition that after the judge had announced what his decision was, and what the judgment of the court would be, (for it was not yet entered,) the court could not, under any circumstances, permit the defect in the record to be cured without awarding a new trial. Without reviewing the authorities (which are very numerous) on the subject of the trial judge's discretion to allow amendments of substance, pending a trial, without vacating the submission, we are of opinion that the provision of the statute which says any court of the United States "may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as it shall in its discretion, or by its rules, prescribe," is broad enough to warrant the action of the trial judge in allowing the amendment on terms, and proceeding to judgment. This discretion is a legal discretion, and subject to review. The amendment offered was one of vital substance. The matter of it is generally susceptible of ready and abundant proof, and hence, in practice, it is most generally not contested,—is virtually admitted when properly pleaded. It is, however, necessary to be proved, unless so virtually admitted, when it is put in issue by proper pleading. It is not now material to inquire what character or amount of proof on that subject is prima facie sufficient. The pleading having been sworn to by the plaintiff's counsel, who was still present in court to be cross-examined if the defendants so desired, and nothing then shown by the defendants, or yet shown by them, to indicate that the discretion was improvidently exercised, we are of opinion that this assignment of error is not well taken. There being, therefore, no error in the judgment which the plaintiffs in error are in a position to urge, the judgment should be affirmed. The writ of error sued out by the plaintiff below, having been consolidated with this case in this court, and the two writs, and the returns thereon, having been treated as one case and one record, is disposed of by our judgment herein. Affirmed.