HOME INS. CO. OF NEW YORK v. NOBLES et al.

(Circuit Court, E. D. Pennsylvania. September 14, 1894.)

No. 4.

1. FEDERAL COURTS—FAILURE TO AVER AMOUNT IN CONTROVERSY.
   A bill for an injunction restraining defendants from further issuing a certain circular alleged to be detrimental to complainant's business, and from in any way interfering with that business by threats, etc., which does not contain any statement of the amount of damages sustained or apprehended, or of the value of the matter in controversy, or of the object sought to be obtained, is not sufficient to give the court jurisdiction.

2. SAME—LEAVE TO AMEND.
   A bill, defective for want of an averment of the amount in controversy, will not be dismissed where it does not affirmatively appear that the court is without jurisdiction, but complainant will be given leave to move to amend.

This was a motion for a preliminary injunction. The bill was filed by the Home Insurance Company of New York against Milton A. Nobles, Edward F. McMenemin, Phineas Tolman, and Gustav E. Kress for an injunction restraining them from further issuing a certain circular, and from in any way interfering with complainant's business by threatening complainant's policy holders, or those intending to become such, with prosecution for an infringement of alleged copyrights, or from in any way interfering with complainant's business, either by threats or false representations, whether verbal or written, or by any other means whatsoever. The circular in question was issued by defendant Nobles as district manager of the Agricultural Insurance Company, and reads as follows:

"All persons insured under the weekly or industrial fire insurance plan are hereby notified that this plan, and all books and papers used therein, are copyrighted by the undersigned. The authority by me heretofore granted to the Home Insurance Company of New York has been annulled, and the said company has been notified to cease using said plan. The Agricultural Insurance Company of New York has been licensed to issue policies under said plan of weekly or industrial fire insurance, and alone has the right to issue such policies. On presenting your present policy in the Home Insurance Company, together with your book, at the office of the Agricultural Insurance Company, 216 South Fourth street, Philadelphia, or to any agent of the Agricultural Insurance Company bearing certificate of authority signed by me, a new book and policy will be issued to you, and the liability assumed by the Agricultural Insurance Company, without cost or loss to you. The agents of the Agricultural Insurance Company bearing certificate of authority signed by me are the only persons authorized to make collections. All persons representing other companies, as well as policy holders, are liable to involve themselves in lawsuits instituted to protect the copyrights, by attempting to use said plan."

G. Heide Norris and Francis T. Chambers, for plaintiff.

Harrity & Beck, Hector T. Fenton, and F. Pierce Buckley, for defendants.

DALLAS, Circuit Judge. The only specific prayer of this bill is for an injunction restraining the defendants from further issuing a certain circular which is alleged to be detrimental to the com-

plainant's business, and from in any way interfering with that business by threats, etc. It is alleged that this circular and the action of the defendants, which are complained of, "have already caused great damage to it [the complainant], which will increase daily;" but there is no statement of the amount of damages sustained or apprehended, nor of the value of the matter in controversy,—of the object sought to be attained, which is the prevention of "any further issuing of the circular," etc. The bill is therefore defective for want of averment that the amount in controversy is sufficient, under the act of congress, to give this court jurisdiction. Consequently, the present motion for a preliminary injunction cannot be entertained; but, as it does not affirmatively appear that the court is without jurisdiction of the cause, the bill will not now be dismissed, and the complainant has leave to move as it may be advised in view of this suggestion, upon due notice to defendant's counsel. The attention of counsel is directed to Railroad Co. v. Ward, 2 Black, 485; Symonds v. Greene, 28 Fed. 834; Whitman v. Hubbell, 30 Fed. 81; Market Co. v. Hoffman, 101 U. S. 112; Gorman v. Havird, 141 U. S. 206, 11 Sup. Ct. 943; and Rainey v. Herbert, 3 U. S. App. 592, 5 C. C. A. 183, 55 Fed. 443. The motion for preliminary injunction is, dismissed without prejudice.