PEOPLE'S TELEPHONE & TELEGRAPH CO. et al. v. EAST TENNESSEE TELEPHONE CO.

(Circuit Court of Appeals, Sixth Circuit. July 13, 1900.

No. 786.

1. INJUNCTION—TRESPASS—EVIDENCE

Evidence that defendant, a competing telephone company, sold to those of its patrons using also the plaintiff's telephone, and assisted them in installing, desk telephones, with switches and wires connecting the lines of both companies in such manner as that with one telephone the user could transmit and receive messages through either system at his pleasure, is sufficient to support the granting of a preliminary injunction restraining defendant from installing or maintaining connection with the property of the plaintiff, although the making and using of the connection by the patrons does not in any way benefit the defendant, except as it sells and furnishes material for such purpose.

2. SAME—PARTIES—APPEAL.

The failure of plaintiff to join the patrons using such desk telephone and switch of defendant is not available as an objection to the granting of an injunction, when raised for the first time on appeal, where there are sufficient parties before the court who are amenable to its decree to enable it to award a substantial remedy.

3. SAME—RIGHT TO OBJECT.

Where the facts pleaded in a bill for an injunction show the defendant to be a trespasser, he cannot be heard to complain that his co-trespassers are not joined as defendants.

4. FEDERAL COURTS—JURISDICTION—CITIZENSHIP—PLEADING.

The description of complainant, in the title of a bill filed by a resident of Tennessee, as "duly incorporated under the laws of the state of Kentucky," is a sufficient allegation of citizenship of complainant to support the jurisdiction of the circuit court of the United States, as against an objection raised for the first time on appeal, although there is no direct averment in the bill that complainant is a citizen of a different state from that of the defendant.

5. SAME—AMOUNT IN CONTROVERSY—PLEADING.

Where, in a bill for an injunction and for damages because of defendant's trespass upon plaintiff's right of property, the sum of $3,000 is claimed, and although there is reasonable ground for believing that the damages already incurred do not amount to the sum necessary to give the circuit court jurisdiction, yet it seems probable that the value of the right of property sought to be preserved from the anticipated disturbance is worth more than that sum, the bill will not be dismissed upon objection, made for the first time upon appeal, that it is not shown that the value of the matter in controversy is sufficient to give the circuit court jurisdiction.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

This case is brought here by an appeal taken by the defendants in the court below from an order there entered granting an injunction upon a bill

filed by the East Tennessee Telephone Company for the purpose of restrain-ing said defendants from making or maintaining connections by means of wires, switches, or other devices with the wires or other property of the complainant. The facts material to the question involved in the controversy are these: About 18 years ago the East Tennessee Telephone Company, a corporation organized under the laws of Kentucky, established in the city of Knoxville, Tenn., and other near-by localities, a telephone system for the use of the patrons it secured there. This system was of the usual kind, operated by wires running to the telephones located in the offices or residences of its patrons respectively. The telephones, wires, and all other apparatus employed for the purpose were and continued to be the property of the East Tennessee Telephone Company. The use of the telephone was granted to the patron, and the service of the company's system secured to him, at a certain fixed rental or rate. Four or five years ago the defendant, the People's Telephone & Telegraph Company was incorporated under the laws of Tennessee for the purpose, among others, of furnishing telephone conveniences to people in the same territory, and this company has become a keen competitor with the East Tennessee Telephone Company for the patronage of the public. Many persons used both systems, and some time before the filing of the bill the appellant began selling and assisting those of its patrons using both telephones in installing desk telephones, with switches and wires connecting the lines of both companies in such manner as that with one telephone the user could transmit and receive messages through either system at his pleasure. The appellee complained of this, but the appellant, claiming the right to do what it was doing, persisted, and indicated its purpose to continue its practice. Thereupon the complainant filed this bill, and moved for an injunction. An order to show cause was made, and the defendants filed an answer and accompanying affidavits in opposition. Upon the hearing Judge Clark granted the preliminary injunction prayed, restraining the defendants from installing or maintaining connection by the defendants with the property of the complainant.

Leon Jourolmon, for appellants.
Walter S. Roberts, for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge, having stated the case as above, delivered the opinion of the court.

The assignments of error, omitting such as are not specific enough to require attention, are all closely related, and may be considered under a few heads. It is urged that there was error in granting the injunction, because it appears from the record that the defendants had not made the connections complained of, and were not intending to do so. The contention is that it is only the patrons who are making these connections, and that, as the answer puts it, "complainant has sued the wrong persons." But it seems to us that no mistake has been made in this particular. The participation of the defendant telephone company in effecting the connections with the complainant's lines is but thinly veiled in the answer. Referring to the first occasion when a subscriber had discovered the way and had effected the connection, the answer states that:

"When defendants learned of this connection, they made no objection to it, and in fact thought it a convenience that its patrons had a right to enjoy, and one that was a real advantage to the complainant company, as it saved the use of its battery and wall 'phone. As various common patrons of the two companies saw and heard of this convenience, they made application to these defendants for desk sets, with the necessary switch and wire to make said connection, and defendants supplied them with the same; but no agent or em-

ployé of the defendants has ever made any connection with any wire or instrument of complainant; defendant Duncan having expressly notified parties applying for desk sets that his employés would not make connection with complainant's wires or 'phones, but that the applicant would have to make same, if he desired it, on his own responsibility."

And again, in paragraph 5 of the answer, it is said:

"As before stated, no employé of the defendant company nor defendant J. C. Duncan has ever made any connection with complainant's lines, but defendant J. C. Duncan, as general manager, has leased to the subscribers of the defendant company desk sets, switches, and wires, capable of such a connection, and has had his employés place said desk sets, switches, and wires for connection with defendant's desk 'phones, and upon inquiry and at the request of subscribers to both companies obtaining desk sets, defendant J. C. Duncan explained the practicability and method of connecting a desk 'phone with the lines of both companies,—information that any ordinary mechanic could give,—but in every instance notified the applicant that neither he nor any of his co-defendant's employés would make any connection with complainant's lines or 'phones. These things defendants had a legal right to do, and still have such right."

The judge before whom the motion was made had, we think, sufficient evidence before him to justify his conclusion that the defendant telephone company was co-operating in the unlawful invasions of the other company's property rights which were alleged in the bill. And he might not unreasonably conclude his inference was right when he perceived the vigor with which the right claimed was defended. In this connection it is proper to take notice of the suggestion in the assignments of error that the making and using the connection by the patrons "had not in any way benefited the defendants except in so far as they sold and furnished material for such purpose." But, if it were material that the defendant company should be benefited in order to make its conduct unjustifiable, it is easy to see the advantage it would gain by thus bringing its lines and telephones into communication with those of the other company. There is evidence in the record, and it seems quite credible, that the bringing into communication of the two systems in this way injuriously affects the apparatus, and disturbs the operation of the service. It is not necessary to go into a discussion to demonstrate so plain a proposition as that the complainant's rights, as the owner of the lines and apparatus installed and operated by it, were not subject to be invaded in the manner complained of. We have already referred to the objection that the patrons are not made defendants. As it is made a distinct ground of one of the assignments of error that they are necessary parties, it seems proper to refer to the subject more at length. In the first place, there was no demurrer to the bill on that ground, nor was it distinctly taken by the answer. The point is first made on the appeal. The courts are not inclined to favor this defense when it is postponed to the hearing in the appellate court. It will not be listened to if there are sufficient parties before the court who are amenable to its decree to enable the court to award a substantial remedy. Society v. Watson, 37 U. S. App. 141, 15 C. C. A. 632, 68 Fed. 730; Cowen v. Adams, 24 C. C. A. 198, 78 Fed. 536; McGahan v. Bank, 156 U. S. 218, 15 Sup. Ct. 347, 39 L. Ed. 403. Besides, the defendant is, if the facts be as they appear on this motion, a tres-

passer, and has no substantial ground for claiming that co-trespassers should be joined with it. The complainant may, if it sees fit, refrain from pursuing them. It owes no duty to the defendant to do so.

Another ground of defense newly raised in this court is that the complainant wholly fails to show diverse citizenship of the parties, and in support of this contention it is urged that "the allegation that complainant is a nonresident of Tennessee is not equivalent to the allegation that it is a citizen of another state,"—a proposition which might be admitted. And it is true that there is no direct averment in the bill that the complainant is a citizen of another state than Tennessee. But this is not indispensably necessary. If it appears by way of description in any part of the pleadings or process that the requisite diversity of citizenship exists, that is sufficient where the question is first raised on an appeal. Gordon v. Bank, 144 U. S. 97, 12 Sup. Ct. 657, 36 L. Ed. 360; Ward v. Manufacturing Co., 12 U. S. App. 295, 5 C. C. A. 538, 56 Fed. 437. And see Maddox v. Thorn, 23 U. S. App. 189, 8 C. C. A. 574, 60 Fed. 217. The pleader has entitled the bill in the case, and therein described the complainant as "duly incorporated under the laws of the state of Kentucky," and although this may be regarded as informal, it is substantially equivalent to the not unusual preface wherein it is stated that the plaintiff, a citizen of some named state, brings this his bill against, etc. If the allegation of the citizenship of complainant is not technically in due form, we think it sufficient for this belated objection.

A further new objection, not mentioned in the assignment of errors, is that it is not shown by the bill that the value of the matter in controversy requisite to give jurisdiction is at stake. The bill prays for an injunction, and also for a decree for the damages already incurred, and claims for the latter the sum of $3,000. No estimate is put or amount claimed for the value of the right the invasion of which is anticipated. We should be disposed to agree with counsel for the appellants that there is no reasonable ground shown for believing that the damages already incurred amount to so much as $2,000, but it seems to us very probable that the value of the right to preserve the property of the complainant from the anticipated disturbance is more than that sum. If this objection had been taken in the court below, it is reasonable to suppose that court would have allowed an amendment which would have made more certain this ground of jurisdiction. And this would have been permissible. Carr v. Fife (C. C.) 45 Fed. 209; Carr v. Fife, 156 U. S. 494, 15 Sup. Ct. 427, 39 L. Ed. 508. But the rule applicable at this stage of the progress of the case is that, in order to justify this court in directing the dismissal of the bill, we should be clearly satisfied that the necessary amount is not involved. This change in the attitude of the court towards such questions arises upon the presumption that the necessary facts do, in truth, exist, else their existence would have been promptly challenged, instead of being tacitly assented to, and the objection subsequently presented in a court which has no power to amend the record. In the case of Insurance Co. v. Nobles (C. C.) 63 Fed. 641, Judge Dallas, at the circuit, declined to dismiss the

bill on account of the defective statement of the facts in reference to the sum involved, and gave the complainant leave to amend his bill in that regard. A similar question to that now presented came before this court in Butchers' & Drovers' Stock-Yard Co. v. Louisville & N. R. Co., 31 U. S. App. 252, 14 C. C. A. 290, 67 Fed. 35, where the jurisdiction was sustained on appeal, although the allegation of the amount involved was quite as defective as in the present instance, it appearing that the point had not been made in the court below. So, also, in the case of Edison Electric Light Co. v. Peninsular Light, Power & Heat Co. (C. C.) 95 Fed. 669; s. c. on appeal (C. C. A.) 101 Fed. 831,—a case very similar to this in respect to the present,— where the user of the current was not made a party in a suit for infringement against an alleged contributor, and no objection on that account had been made in the pleadings or at the hearing. The court regarded it as waived, and proceeded to a decree upon the merits. This decree was subsequently affirmed by this court, a course which would not have been permissible if there was a want of parties indispensable to the jurisdiction. In these circumstances we are of opinion that, in the face of the objections taken before the judge who allowed the injunction, his discretion was fairly exercised, and that the objections to the jurisdiction now raised are not fatal. We shall therefore direct the order appealed from to be affirmed, and that the cause be remanded to the circuit court, with instruction to grant leave to the complainant to amend its bill so as to more certainly allege the jurisdictional facts in respect to the value of the matter in controversy and the citizenship of the complainant. It is so ordered.