## MEYER & LANGE *et al.* v. UNITED STATES (No. 1162).[1]

1. QUESTION OF PRACTICE—PARTIES.

The appeal as taken by petition omits the names of certain protestants, though the numbers of their protests are given in the annexed schedule. This is not sufficient. Orderly practice as well as compliance with the rules of this court require the caption or body of the petition for review should embrace' the names of the parties and that the names of the appealing parties should be signed to the petition.

2. AMENDMENTS.

If there were any question of the authority of this court to permit generally an amendment such as is sought to be made here, power to do this is certainly conferred by section 954, Revised Statutes.

3. PLUMS IN TINS.

There is no question of commercial designation. The contention of the importers is not supported by the evidence. The plums were properly held dutiable under paragraph 274, tariff act of 1909.

United States Court of Customs Appeals, October 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31712 (T. D. 33280), Abstract 31975 (T. D. 33338).

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* on the brief) for appellants.
*William L. Wemple*, Assistant Attorney General (*Samuel Isenschmid*, assistant attorney, on the brief) for the United States.

·Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The first question raised in this case is one of practice. The petition addressed to this court for a review of the decision of the Board of General Appraisers is entitled "Petition: United States Court of Customs Appeals, Meyer & Lange, *et al.*, petitioners, *v.* The United States." The petition then represents, among other things, that the petitioners, being dissatisfied with the decisions of the Board of General Appraisers in each of the matters set forth and referred to in Schedule A, which is annexed, referred to, and made part of the petition, respectfully pray that this court review the questions of law and fact involved in said decisions and that an order be entered requiring the said board of appraisers to return to this court the record and evidence taken by them, together with a certified statement of the facts involved in each of said matters and their decisions thereon.

It is further stated that the particulars of the errors of law and fact involved in said decisions of said board of which complaint is made are set forth in Schedule B, which is annexed, referred to, and made part of the petition.

---

[1] Reported in T. D. 33855 (25 Treas. Dec., 397).

The petition is signed, "Meyer & Lange *et al.*, petitioners," by their attorneys.

We quote Schedule A so far as is necessary to present the question:

| Entry No. | Vessel. | Entered. | Protest No. |
|-----------|---------|----------|-------------|
| 252784 | *Barbarossa* | 10/ 6/11 | 626821 |
| 264645 | *Rydam* | 10/18/11 | 629661 |
| 302649 | *Pennsylvania* | 11/24/11 | 636040 |
| 293728 | *Chicago City* | 11/16/11 | 637601 |
| 239997 | *Kroonland* | 9/21/09 | 653140 |
| 239997 | *Kroonland* | 9/21/09 | 653141 |

Schedule B points out by way of an assignment of errors the particular errors of law and fact claimed in the assessment of the merchandise covered by the importations and decisions mentioned in Schedule A.

Upon the filing of the petition and said two accompanying schedules in this case with the clerk of this court, an order was issued and transmitted to the Board of General Appraisers directing it to transmit to this court within 30 days from the date of the order, among other things, the record and evidence had and taken before the board. To this order was attached a duplicate copy of the petition. The statute requires that a copy of the statement of errors of law and fact complained of be served upon the other party, and no complaint is made that this was not done. The order to the board was complied with and the record returned to this court, among other things, shows:

1. That of the protests before mentioned, protests numbered 626821 of Meyer & Lange, 629661 of Hensel & Co., 636040 of Newman & Schweirs, 637601 of C. B. Richard & Co., came on for hearing before Board No. 3 of the General Appraisers on the 24th day of October, 1912, and were there heard as one case.

2. That by decision of Board No. 3 of the General Appraisers, under date of March 12, 1913, entitled by it " In the matter of protests 626821, etc., of Meyer & Lange *et al.*," the board decided the four protests heard by it October 24, 1912, as before stated, namely, protests numbered 626821, 629661, 636040, and 637601, and in addition thereto and as a part of the same decision also decided protests 626822 and 640353 of Meyer & Lange and 634083 of J. Weber, which protests were, as the record shows, heard by the board immediately following the four first-mentioned protests and described as if they were, with the first four protests, one and the same case, but which last three mentioned protests, it will be observed, are not included or referred to in said Schedule A.

3. That on the 8th day of April, 1913, the same board handed down a decision in protests numbered 653140 and 653141, stated herein to

be the protests of Jules Weber, and which are included in Schedule A, saying therein that the last-named protest had been abandoned and that said protest 653140 had been submitted on the record in protest 629661 and was decided on the authority of the decision in that case.

Restated, the matter of these protests before the board is as follows: Schedule A refers to six protests, the first four of which were heard by the board October 24, 1912, and in connection therewith were heard three other protests not included in Schedule A. These seven protests were decided by the board March 12, 1913. The last two protests of Schedule A were decided by the board April 8, 1913, the decision of which states that the former of the two was submitted on the record in protest 629661, which was included in Schedule A, and that the latter was abandoned.

This statement makes it clear that there are three protests embodied in the record sent up, namely, 626822 and 640353 of Meyer & Lange and 634083 of Jules Weber, that are not embodied in said Schedule A.

The Government, in substance, contends that an appeal taken in the manner shown by the record here brings before this court only the case of the party in whose name the petition is entitled and whose name is signed thereto, which, in the case at bar, would result in the conclusion that the only decisions of the Board of General Appraisers brought here for review by the petition are those upon the protests of Meyer & Lange that are included in Schedule A.

The importers, on the other hand, contend that in view of the fact that Schedule A, which was annexed to and made part of the petition, contains the numbers given to the protests, the decisions of which are complained of, and from which, by reference to the record sent up, the names of the importers may be learned, the petition is sufficient in law to bring here the decisions on all the protests covered by Schedule A and enable this court to determine the cases upon their merits; that to so hold does not lead to any miscarriage of justice or prejudice the rights of the United States in any way, which it is said is the object of requiring that the names of the parties be inserted in the caption or body of the petition and their signatures attached thereto.

The importers also urge that the Government, having appeared generally in this court, can not now be heard to make this objection. Finally the importers ask, if this court shall be of the opinion that the petition is irregular and insufficient, that it be amended here by inserting the names of the appealing parties.

In passing, it may be observed that petitions for review when made by importers to this court, and the parties interested are more than one, have frequently been made in substantially the form adopted in this case. It may also be observed that the Government,

in some cases where it was the petitioning party, has referred to the petitioners by naming one with the words "*et al.*" following, and has referred to a schedule for more particular information as to the importers' names. The schedules, however, in those cases to which our attention has been called, when so referred to by the Government, have contained the names of the importers, which, as already appears, is not the case in the protests embraced in Schedule A. We also understand that in proceedings before the Board of General Appraisers it is common practice to refer to cases by their protest numbers, the names of protestants being frequently omitted, either for the purpose of saving time and space, or for convenience, it being understood that the protest number itself or the number given to the case by the board affords sufficient information as to its proper title.

It may here with propriety be observed that cases like these, the sole question in which so far as the merits are concerned is the classification of and consequent rate of duty upon imported merchandise, in a sense at least, partake of the nature of procedure *in rem*, because it is apparent that the law is concerned with the collection of a like rate of duty upon all merchandise of the same class, assuming it is imported under like conditions, rather than with the question of what importer or importers litigate the issues of classification and assessment.

Further, it may be said that, generally speaking, objections on account of irregularity in process, procedure, and pleading are not favored by the courts, and their discretion is frequently exercised by permitting necessary amendments to be made, when in accord with the facts, to cure the same, unless such a course is likely, among other things, to mislead, surprise, prejudice, or damage the other party or deprive him of his day in court.

The organic act under which this court proceeds provides (see subsection 29 of section 28, act of Aug. 5, 1909) that it shall be a court of record, "shall prescribe the form of its writs and other process and procedure and exercise such powers conferred by law as may be conformable and necessary to the exercise of its jurisdiction"; that it "shall have power to establish all rules and regulations for the conduct of the business of the court as may be needful for the uniformity of decisions within its jurisdiction, as conferred by law." By the same subsection it is provided that if an importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury shall be dissatisfied with the decision of the Board of General Appraisers as to matters within its jurisdiction, or with any other appealable decision of said board, they or either of them may, within the time limited by the statute, apply to this court

for a review of the questions of law and fact involved in such decision; that such application shall be made by filing in the office of the clerk of this court a concise statement of the errors of law and fact complained of, a copy of which statement shall be served upon the other party; that thereupon this court shall immediately order the board to transmit to it the record and evidence taken by them, together with a certified statement of the facts involved in the case and their decision thereon.

It will be observed that these provisions of the statute apparently contemplate an easy method of obtaining a desired review here that is not especially technical, and are designed to speedily get before this court a case upon its merits, to the end that an early decision may be obtained which may serve as a guide in cases of like importations.

No other statutes have been called to our attention, nor are we able to find any which undertake to regulate in any manner the question of procedure in appeals from the Board of General Appraisers to this court, or to provide forms therefor, or to regulate the same, or that in any way limit the power of this court touching the matter of amendments to the processes or procedure used in case any defects or irregularities are found therein.

Pursuant to the authority in its organic act this court has by rule 3 provided that its processes shall be of such form and style as are used in the Supreme Court of the United States, and rule 5 of that court provides that its processes shall contain the Christian names as well as the surnames of the parties. Applying that rule to the petition for review in this case and to the order of the court thereupon made, it would follow that such names should appear therein. Rule 11 of this court provides that amendments to processes or pleadings in any case may be made when in the furtherance of justice. Stopping here, it may be said that this court would undoubtedly have had authority to provide by rule that applications to it for review of the decisions of the Board of General Appraisers should be in form identical with the petition in the case now before us. By the rule above mentioned we have declared that amendments to processes or proceedings in any case may be made when in the furtherance of justice, and we doubt not that the rule is within the jurisdiction of the court to prescribe and within its discretion to enforce in cases which seem to warrant that course.

Now, the defects complained of here, except as to protests numbered 626822, 640353, and 634083, which, as already appears, are not contained in Schedule A, are irregularities at most, in that the names of all the parties litigant are not embodied in the petition for review or the order issued thereupon. It appears of record, however, that

the Government appeared in the hearing of all these cases before the board and litigated the same issues there that are involved in the appeals here. Schedule A, by reference to the protest numbers, apprises the Government as to what decisions are sought to be reviewed here, and Schedule B likewise informs it of the errors which it is claimed were made by the Board of General Appraisers in said decisions and which are sought to be corrected here; therefore the United States can not be misled, surprised, prejudiced, or damaged because the names of all the appealing parties are not embodied in the petition.

It knew in the first instance, when the protests were heard before the board, who the other parties were; when it was notified of the appeal it had ready means of ascertaining, by referring to the protests named in Schedule A and the record, not only what decisions were sought to be reviewed here, but in whose name the protests were made; that is, who in fact were the appealing parties. No new element is thrust into the case, no new parties are seeking to enter, and no issues other than those litigated before the board are sought to be litigated here. It is suggested that the United States may suffer damage in the event a decision is rendered here the result of which is to compel it to return duties to the parties whose names are not embodied in the petition, but this can be no damage in fact, because if duties too great in amount have been taken by the Government, it is clear it suffers no damage by being required to return the same.

We do not think it should be held, in view of the rule as to the form and style of process of this court, that the petition in this case is in conformity therewith, but we think it should be held that such petition may be amended as asked for here, and especially is this true in view of the practice which has heretofore obtained in that regard in this court as well as before the Board of General Appraisers.

Conceding, however, without admitting, that neither the provisions in the act creating this court, above referred to, nor its inherent powers, clothe it with jurisdiction to allow this amendment, we think that ample authority therefor may be found in section 954 of Revised Statutes, which we quote:

No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe.

This section would seem to be clearly applicable to this as well as other courts of the United States and would, if necessary to be resorted to for that purpose, establish the power of the court to permit the amendments.

We deem it unnecessary to make extended reference to the authorities cited by the Government in support of its contention that the amendments can not be made, because the statutes in force and under which the decisions cited were rendered clearly undertake to provide for the form as well as the substance of the processes and procedure which the courts in the cases cited, although by majority opinion only in some cases, felt themselves without authority to amend in the particulars asked for.

The processes sought to be amended in these cases, and we refer to two for the purpose of enabling those interested to follow up the discussion—see Walton v. Mariette Chair Co. (157 U. S., 342) and Gumbel v. Pitkins (113 U. S., 545)—were writs of error. But there is a marked distinction between writs of error and applications in the nature of an appeal such as this here. A writ of error is the institution of a new suit in an appellate court where questions of law only and not questions of fact may be reviewed, while in appeals generally, and especially in appeals to this court, errors of both law and fact may be corrected. An appeal generally operates to vacate the judgment below, which a writ of error does not of itself ordinarily accomplish.

It is obvious that the strictness of the statute or rules of procedure in the one case do not of necessity apply in the other.

As to writs of error it is held that objections on account of an irregularity similar to that complained of here must be made by the proper motion or pleading at the outset and not after a general appearance has been entered. Peoples Telephone & Telegraph Co. v. East Tennessee Telephone Co. (103 Fed., 212).

In the case now before us the Assistant Attorney General has appeared generally upon the docket of the court and has made no motion and filed no demurrer touching the matters under consideration, but contends in his brief that the only questions now before us for review are such as may be involved in the protests of Meyer & Lange. It may be doubted if the objection made in this manner is not too late.

It should, however, in justice to the Assistant Attorney General, be said that he states it is his desire to have this question of procedure settled rather than to gain a technical advantage in these cases.

We think orderly practice, as well as compliance with the rules of this court, should require that the caption or body of the petition for review should embrace the names of the parties; that the names of the appealing parties should be signed to the petition; that the loose practice which has obtained in that regard should be discon-

tinued; and for the benefit of the profession attention is again called to the provisions of rule 3 of this court.

It is adjudged and ordered that the petition here be amended by including as parties petitioners, in addition to Meyer & Lange, the other importers who made the protests in Schedule A, as hereinbefore set forth, but it is considered and adjudged that protests numbered 626822 and 604053 of Meyer & Lange and 634083 of Jules Weber are not before the court in this appeal and should not be amended into the petition for review, because they are not in said Schedule A.

We now consider the merits of these cases. It is agreed that the merchandise is plums preserved either in sirup, sugar, or their own juices and packed in hermetically sealed cans. The question is whether they are dutiable at 1 cent per pound and 35 per cent ad valorem under paragraph 274 of the tariff act of 1909 or at 2 cents per pound under paragraph 275 of the same act as plums, prunes, and prunelles, as claimed by the importers.

The material parts of the respective paragraphs are as follows:

274. * * * Plums, green or ripe, twenty-five cents per bushel; * * * fruits of all kinds preserved or packed in sugar, or having sugar added thereto, or preserved or packed in molasses, spirits, or their own juices, * * * one cent per pound and thirty-five per centum ad valorem; * * *.

275. * * * Plums, prunes, and prunelles, two cents per pound; * * *.

All parties agree there is no question of commercial designation in the cases. The importers claim that the undisputed evidence shows that all plums when they are dried are prunes; that the first part of paragraph 274 fully covers all plums which are green or ripe, and hence the word "plums" in paragraph 275 to be given any force and effect must be held to apply to plums other than those which are green or ripe or dried; and as dried plums are shown by the evidence to be prunes, that paragraph 275 should be held to apply to the merchandise here.

In the record of the evidence in the cases held to be now before the court there is no evidence to the effect as claimed by the importers. There is, however, in the record of the evidence relating to the protests held not to be involved in these appeals, but which evidence was apparently considered by the board in deciding these cases, testimony by one witness, in effect, as claimed by the importers, but another of importers' witnesses testified to the contrary. We give no weight to either, but, if considered, the decisions of the board should not be reversed as not supported by the evidence.

We think, as did the Board of General Appraisers, that the provisions of paragraph 274 specifically include merchandise of the kind at bar, and therefore the judgment of the board is in each case *affirmed.*