### BUREAU OF NATIONAL LITERATURE v. SELLS et al.

(District Court, W. D. Washington, N. D.   March 3, 1914.)

No. 24.

1. COPYRIGHTS (§ 82*)—INFRINGEMENT—BILL.

A bill alleging that complainant had copyrighted a work known as "Messages and Papers of the Presidents," and that defendants had obtained secondhand sets of the publication, which they had reconstructed and sold to the public as and for complainant's publication, etc., did not state a cause of action for infringement of copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 72, 73; Dec. Dig. § 82.*]

2. COPYRIGHTS (§ 55*)—UNLAWFUL COMPETITION.

Where complainant sold copies of its copyrighted work to the public, its right to the exclusive sale of such particular copies thereby terminated,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and it could not maintain an action against defendants, who purchased such secondhand books, rebound and resold them, either for infringement or for unfair competition, without proof that the restored copies were sold as and for complainant's goods, and as new and original copies.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 52; Dec. Dig. § 55.*]

3. COPYRIGHTS (§ 55*)—UNLAWFUL COMPETITION.

Where defendants purchased secondhand copies of a copyrighted set of books put out by complainant, and after restoring and rebinding delivered them in fulfillment of orders taken for new sets, such act did not constitute a sale of new books or an infringement of complainant's copyright, but at most constituted unfair competition, in so far as it consisted of a palming off of restored goods as those of complainant.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 52; Dec. Dig. § 55.*]

4. EQUITY (§ 39*)—CAUSES OF ACTION—FORMS OF RELIEF.

Where a complaint states a cause of action for an injunction for unfair competition, it is not objectionable because complainant also demands damages, under the rule that, when equity obtains jurisdiction to administer one of its peculiar remedies, it will afford complete relief.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 104–114; Dec. Dig. § 39.*]

5. COURTS (§ 280*)—JURISDICTION—EXAMINATION OF BILL.

Where a bill prays for an injunction and damages, the question of the court's jurisdiction must be determined by examining the allegations of the bill with reference to equitable relief, as if no demand were made for damages.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*].

6. COURTS (§ 328*)—FEDERAL COURTS—AMOUNT IN CONTROVERSY.

Where suit was brought in the federal court for an injunction, the amount in controversy, for the purpose of determining the court's jurisdiction, is the value of the injunction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*]

7. COURTS (§ 329*) — FEDERAL COURTS — JURISDICTION — AMOUNT IN CONTROVERSY.

Where in a suit to restrain unlawful competition, complainant prayed for an injunction and for $50,000 damages, the bill was insufficient to show federal jurisdiction for failure to allege that the value of the injunction exceeded $3,000, but such defect was amendable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. § 329.*]

In Equity. Action by the Bureau of National Literature against B. R. Sells and others. On motion to dismiss bill. Denied on condition that plaintiff move for leave to amend.

E. C. Hanford, of Seattle, Wash., for plaintiff.

E. E. Heckbert, of Portland, Or., for defendant Sells.

NETERER, District Judge. . This is an action in equity in which the plaintiff seeks an injunction and damages. B. S. Sells is the only defendant upon whom service was obtained. Plaintiff is a corporation organized under the laws of New York, and the said defendant is a citizen of Oregon. Plaintiff alleges that it is the owner of the copy-

right of a work known as "Messages and Papers of the Presidents," and "is now, and for a long period of time has been, engaged in the business of publishing, printing, producing, marketing, by subscription," the said work; "that plaintiff and its respective predecessors have expended a great sum of money and devoted a great deal of time, labor, and skill in preparing, producing, advertising, selling, and distributing said publication and bringing it to the attention of the public generally, * * * and that said publication, being the only one of its character sold in the United States, has a very extensive sale covering all the United States and territories, and amounting to $500,000 a year; * * * that plaintiff in the course of its business, or its respective predecessors, has originated, devised, prepared, produced, and uses in and about the sale of said publication * * * certain trade literature, trade material, and trade dress of unique and distinguishing features. * * *" It is also alleged that the defendant Sells, prior to the acts complained of in the bill, had been in the employ of the plaintiff as a salesman of said publication, and thereby became familiar with plaintiff's publication and the trade dress, trade material, and methods used in selling said publication; and that the defendants "have obtained, in many instances through the use of plaintiff's said subscription lists, from plaintiff's subscribers, and from other parties, * * * sets of said publication which the said defendants have overhauled, reconstructed, and sold to the public as and for the publication published and being sold by plaintiff, using in and about such fraudulent sales plaintiff's rights of copyright, exclusive right in said plates, plaintiff's trade literature, trade material, and trade dress, * * * and selling and delivering old rebound, reconstructed, or overhauled sets of said publication as and for the publication printed and sold under exclusive rights and copyright belonging to plaintiff." The bill prays an injunction restraining the defendants in the commission of said acts, and asks for damages in the sum of $50,000.

The defendant Sells has moved to dismiss the bill, and contends that the bill does not state a cause of action for infringement of copyright; that, although there is stated a cause of action for unfair competition, the court has no jurisdiction for the reason that the amount in dispute is not over $3,000. It is contended that, in an action in equity for unfair competition, damages may not be recovered, and that the amount in dispute is therefore not over $3,000; no value of the injunction being alleged. Defendant further contends that a bill praying for an injunction and for damages improperly joins an action at law with an action in equity, and that the bill must be dismissed for that reason.

[1] The complaint does not state a cause of action for infringement of copyright. In Doan v. American Book Co., 105 Fed. 772, 45 C. C. A. 42, the defendant obtained secondhand books, of which the plaintiff owned the copyright, restored them to their original condition, and sold them on the market. The court stated:

"We are satisfied that there is here no infringement of the right accruing to the appellee under the copyright laws of the United States. * * * The sale of them by the appellee carried with it the ordinary incidents of ownership in personal property, including the right of alienation (Harrison v. May-

nard, 10 C. C. A. 17, 61 Fed. 689); and the appellants, purchasing them, had the right to resell them. * * * It is urged, however, that the sale passed the right to the particular thing sold, and did not carry with it the right of repair or renewal. We cannot yield assent to the proposition in the broad terms in which it is couched." Singer Mfg. Co. v. Bent (C. C.) 41 Fed. 214; Harrison v. Maynard, 61 Fed. 689, 10 C. C. A. 17; Kipling v. Putman, 120 Fed. 631, 57 C. C. A. 295, 65 L. R. A. 873; Bobbs-Merrill Co. v. Straus (C. C.) 139 Fed. 155; Id., 147 Fed. 15, 77 C. C. A. 607, 15 L. R. A. (N. S.) 766.

The court in the Doan Case held, however, that, as the rebound books were likely to be mistaken by the public for the new books of the plaintiff, the placing of the rebound books upon the market, with nothing to distinguish them from plaintiff's new books, constituted unfair competition, and that there should be displayed a notice on each book that it was a rebound or secondhand book.

But counsel for plaintiff states:

"If he (defendant) dealt in secondhand sets of the authorized and original work as and for secondhand sets, then counsel is correct, and under the authority of the Doan Case there would be no infringement, and our action would be solely upon the ground of unfair competition; but the action set forth here is one of actual and fraudulent trading upon our copyright and in our copyright work, merely carried on by means of secondhand sets."

[2] If defendant "dealt in secondhand sets as and for secondhand sets," it is obvious that there would be no action, either for infringement or unfair competition. Plaintiff can claim no exclusive right to the sale of "secondhand sets." Its exclusive right of sale of a particular copy is gone when it parts with the title to such copy. Henry Bill Publishing Co. v. Smythe (C. C.) 27 Fed. 914. It is only, therefore, when the defendant sells his goods, the restored copies, as and for the plaintiff's goods, the new and original copies, that the defendant is guilty of unfair competition. It was the presence of this latter element in the Doan Case which induced the court to grant an injunction. If the defendant had actually sold and delivered copies to which the plaintiff still retained title, this would constitute an infringement under the rule laid down in Henry Bill Pub. Co. v. Smythe, supra.

[3] But defendant did not possess such copies and could not sell or deliver them. The fact that he took orders to sell new books and filled such orders by delivery of old books would not constitute a sale of new books. The fraudulent representation and palming off of the goods of the defendant as those of the plaintiff would constitute unfair competition, but not infringement of plaintiff's copyright. Kipling v. Putman, 120 Fed. 631, 636, 57 C. C. A. 295, 65 L. R. A. 873; Lawrence Mfg. Co. v. Tenn. Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997.

[4] Defendant contends that the action should be dismissed on the ground of improper joinder of an action in equity for an injunction and an action at law for damages. It is well settled that, when equity obtains jurisdiction to administer one of its peculiar remedies, it will afford complete relief, even though to do so may involve the giving of relief which might have been obtained at law.

"Where plaintiff has established a right to equitable relief, the court will not only grant that relief but all other relief essential to a complete adjust-

ment of the subject-matter among the parties, although it is thereby required to grant relief obtainable at law, and which, if the object of an independent action, could be obtained at law. * * * Thus, the jurisdiction of equity having been invoked to restrain the further commission of wrongful acts, damages already suffered will quite generally be awarded." 16 Cyc. 109, 110; Gottfried v. Moerlien (C. C.) 14 Fed. 170; Burdell v. Comstock (C. C.) 15 Fed. 395. See, also, Equity Rule 25 (198 Fed. xxv, 115 C. C. A. xxv)

[5] But the court's jurisdiction must be complete by reference to the equitable relief sought, and the legal relief asked for cannot be relied upon to aid in conferring that jurisdiction. In determining, therefore, whether the court has jurisdiction in this case, the bill must be looked at as if it contained merely a prayer for the equitable relief sought, namely, the injunction, and as if no demand had been made for $50,000 damages.

[6] Both parties seem to agree that, where an injunction is prayed for, the amount in controversy is the value of the injunction, and this, undoubtedly, is the correct rule. 16 Am. & Eng. Enc. of Law, 351; Hagge v. Kansas City S. Ry. (C. C.) 104 Fed. 391.

[7] The defendant contends that the bill does not allege that the value of the injunction exceeds $3,000, while the plaintiff contends that the allegation of $50,000 damages fixes the amount in controversy. The fallacy of the latter contention is readily apparent. Damages are to be recovered for losses already sustained, while an injunction is to prevent plaintiff from suffering losses in the future. Plaintiff's contention would place him in the unique position of either seeking damages which the injunction prayed for would make impossible, or seeking an injunction to prevent damages which have already been sustained. The fact that defendant's acts have already caused the plaintiff to suffer $50,000 damages may raise an inference that, if defendant is not enjoined, the damage he may yet occasion will amount to $50,000 or more, but this is merely an inference. Such an inferential statement is insufficient to support the jurisdiction of the court where the bill is attacked on that account in the trial court. Hagge v. Kansas City S. Ry. Co. (C. C.) 104 Fed. 391.

It does not follow, however, that the court must dismiss the bill because the value of the injunction is not alleged to exceed $3,000. The other jurisdictional facts appearing, the court should not dismiss a bill unless it clearly appears that the amount in controversy is less than that required by the statute. Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682; Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729. When, from the allegations of the complaint, it may be inferred that the amount involved exceeds the amount required by the statute, the court should grant the plaintiff leave to move to amend.

In People's Tel. & Tel. Co. v. East Tennessee Tel. Co., 103 Fed. 212, 43 C. C. A. 185, the court said:

"The bill prays for an injunction, and also for a decree for the damages already incurred, and claims for the latter the sum of $3,000. No estimate is put or amount claimed for the value of the right, the invasion of which is anticipated. We should be disposed to agree with counsel for the appellants that there is no reasonable ground shown for believing that the damages al-

ready incurred amount to so much as $2,000, but it seems to us very probable that the value of the right to preserve the property of the complainant from the anticipated disturbance is more than that sum. If this objection had been taken in the court below, it is reasonable to suppose that court would have allowed an amendment which would have made more certain this ground of jurisdiction. And this would have been permissible."

In Whalen v. Gordon, 95 Fed. 305, 37 C. C. A. 70, the objection was made that the granting of an amendment to bring the amount claimed within the statutory requirement was an amendment which would constitute a jurisdictional averment. The Circuit Court of Appeals said:

"The case appears to have been one, therefore, in which there was a sufficient amount in controversy to give the court jurisdiction, but the defendants in error had failed to plead it. Where the facts warrant the exercise of the jurisdiction of the court, but the pleader has failed to state them properly, the court is not deprived of the usual power to permit him to do so by amendment by the mere fact that the amendment will constitute or contain a jurisdictional averment. Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 752, 19 U. S. App. 448; Carnegie, Phipps & Co. v. Hulbert, 16 C. C. A. 498, 70 Fed. 209, and 36 U. S. App. 81, 97."

In Home Ins. Co. v. Nobles (C. C.) 63 Fed. 641, the bill praying for an injunction alleged that the acts of the defendants "have already caused great damage to it which will increase daily," but there was no allegation of the amount of damages sustained or anticipated. The court said:

"The bill is therefore defective for want of averment that the amount in controversy is sufficient, under the act of Congress, to give this court jurisdiction. Consequently the present motion for a preliminary injunction cannot be entertained; but, as it does not affirmatively appear that the court is without jurisdiction of the cause, the bill will not now be dismissed, and the complainant has leave to move as it may be advised in view of this suggestion, upon due notice to defendant's counsel."

See, also, Johnston v. Trippe (C. C.) 33 Fed. 530; Carr v. Fife (C. C.) 45 Fed. 209; Id., 156 U. S. 494, 15 Sup. Ct. 427, 39 L. Ed. 508.

Plaintiff may have leave to move to amend its bill for the purpose indicated, and, if it does not do so within ten days, the bill will be dismissed.