## FAWCETT PUBLICATIONS, Inc., v. ELLIOT PUB. CO., Inc.

District Court, S. D. New York.

May 13, 1942.

·Supplemental Opinion July 9, 1942.

De Witt, Van Aken & Nast, of New York City (William R. Lonergan, of New York City, of counsel), for plaintiff.

Maurice J. Fleishman, of New York City, for defendant.

CLANCY, District Judge.

This is a motion for summary judgment made by the plaintiff, the action being for an alleged infringement of a copyright. We note that the plaintiff states there is also involved a claim for unfair competition, but we find no such claim in the pleadings.

The plaintiff is engaged in the magazine publishing business as is the defendant. The plaintiff, on or about April 18, 1941, being then the author and proprietor of a publication known as "Wow Comics, No. 2 Summer Edition," copyrighted it and was, therefore, entitled to the exclusive right to print, reprint, publish, copy and vend it. Subsequent to this publication's

issuance the defendant purchased second-hand copies of it and of another copyrighted publication of the plaintiff, which he makes the subject of the second cause of action, and bound them together with other comic publications not owned or copyrighted by the plaintiff within one copyrighted cover of its own with the words "Double Comics" thereon.

Section 1 of Title 17, U.S.C.A. grants to the copyright owner the exclusive right "to print, reprint, publish, copy, and vend the copyrighted work * * *." The alleged infringement as set forth in the complaint is that the defendant published and placed upon the market said "Double Comics" containing the complete issue of plaintiff's publication, without its consent or approval, so that as thus limited, it must be determined whether the defendant violated the plaintiff's admitted exclusive right to publish and to vend. The decisions appear to be uniform that the purpose and effect of the copyright statute is to secure to the owner thereof the exclusive right to multiply copies. Bobbs-Merrill Co. v. Straus, 210 U.S. 339, 28 S.Ct. 722, 52 L.Ed. 1086; Jeweler's Circular Pub. Co. v. Keystone Pub. Co., 2 Cir., 281 F. 83, 26 A.L.R. 571, certiorari denied 259 U.S. 581, 42 S.Ct. 464, 66 L.Ed. 1074. It is conceded here that the defendant has not multiplied copies but merely resold the plaintiff's under a different cover. The exclusive right to vend is limited. It is confined to the first sale of any one copy and exerts no restriction on the future sale of that copy. Bureau of National Literature v. Sells, D.C., 211 F. 379; Straus v. American Publishers' Ass'n, 231 U.S. 222, 34 S.Ct. 84, 58 L.Ed. 192, L.R.A.1915A, 1099; Bentley v. Tibbals, 2 Cir., 223 F. 247. The defendant is not charged with copying, reprinting or rearranging the copyrighted material of the plaintiff or any of its component parts nor has it removed the plaintiff's copyright notice.

The motion is denied.

### On Reargument.

Because of a dearth of authority we have heard reargument in this case. We are not convinced that the copyright of a book or periodical includes the cover. We can think of no convincing reason why it should or should be intended to do so since the law itself requires the presence of the notice on the title page or the one next to it and since the cover ordinarily has no literary copyrightable matter and, when an individual design is embodied in it, its relation to the copyrighted literary content is remote and its authorship and ownership do not prima facie appear as in the case of the book's contents. We will, therefore, adhere to our earlier decision.

The plaintiff is in serious difficulty by adopting the form appended to the Federal Rules of Civil Procedure, Form 17, 28 U.S.C.A. following section 723c. Nevertheless, we cannot accede to the theory that he has pleaded an action for unfair competition. Washburn v. Moorman Mfg. Co., D.C.S.D.Cal., 25 F.Supp. 546, November 9, 1938. Inasmuch as there is little doubt that he has a valid action for unfair competition and in view of his insistence that it is pleaded in the complaint before me, I will accept that insistence as an application for permission to amend his complaint to incorporate a cause of action for unfair competition and grant such an application and permit him to serve an amended complaint.