## CARR v. FIFE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WASHINGTON.

No. 215. Submitted January 30, 1895. — Decided March 4, 1895.

It is too late to urge in this court stipulations between parties not brought to the attention of the court below.

The value of the matter in dispute, if not stated in the record, may, for the purpose of jurisdiction, be shown by affidavits.

The fact that a Circuit Judge, prior to his appointment, had been counsel for one of the parties in matters not connected with the case on trial, does not disqualify him from trying the cause.

An objection that the receiver took part with the register on the hearing and decision of a case in the land office cannot be taken for the first time in this court.

Taking all the facts together, it is quite clear that the receiver and the register affirmatively found the fact of abandonment.

. The decision of the land office upon the questions involved in this case was conclusive, unless the charges of fraud and conspiracy were sustained, and it is evident that the court below carefully considered the evidence on these points.

When a plaintiff seeks to invalidate a patent of land by averring misconduct on the part of officials in a contest case, a complete record of the proceedings is relevant and important.

In the absence of fraud and imposition the findings and decisions of the land office cannot be reviewed as to the facts involved.

IN the District Court of the Second Judicial District of Washington Territory, in April, 1887, Anthony P. Carr filed a bill of complaint against W. H. Fife and others, including the executors of Edward S. Smith, deceased, seeking to set aside a patent of the United States to one Robert E. Sproul, issued on December 13, 1875, granting certain lands of the United States lying in the county of Pierce, and to have the defendants, who derived their titles to parts and parcels of said lands from the said Sproul, declared to hold the same in trust for the said plaintiff, and that they be required to execute conveyances thereof to the said plaintiff.

The defendants appeared and put in an answer and a crossbill, to which the plaintiff demurred. On August 7, 1888, the demurrer to the answer was overruled and that to the crossbill was sustained. An examiner was appointed and evidence was put in, and, on November 25, 1888, the cause was put down for hearing in the said District Court of the Second Judicial District of Washington Territory, and was submitted for decision on December 17, 1888. But before any decision was rendered, the Territory was admitted into the Union as a State. It was thereupon stipulated that the cause should be submitted to the Superior Court of Pierce County, State of Washington, on the pleadings, evidence, and briefs of counsel. Before the said Superior Court of Pierce County took any action the cause was, on May 26, 1890, at the instance of the defendants, under the provisions of section 23 of the act

approved February 22, 1889, 25 Stat. c. 180, pp. 676, 683, transferred to the Circuit Court of the United States for the District of Washington. On July 28, 1890, the plaintiff in the action moved the Circuit Court to remand the cause to the Superior Court of Pierce County, which motion was overruled, as was likewise 'a subsequent motion or petition to have the cause tried by the Circuit Judge, or, if he were unable to sit, by the District Judge for the District of Oregon. On January 28, 1891, a final decree was entered; dismissing the bill. A motion was made February 10, 1891, to vacate the decree and remand the cause to the Superior Court of Pierce County, upon the alleged grounds that the same had been improperly removed, and that the Circuit Court had not acquired jurisdiction thereof, because it had not been made to appear at the time of such removal that the matter in dispute exceeded, exclusive of interest and costs, the sum of two thousand dollars. The Circuit Court permitted affidavits to be filed on behalf of the defendants, averring that the matter in dispute largely exceeded the amount necessary to give the court jurisdiction, and then overruled the motion to vacate the decree and remand the cause. An appeal was then allowed to this court.

*Mr. John Arthur, Mr. Thomas Carroll,* and *Mr. Heber J. May* for appellant.

*Mr. Galusha Parsons* for appellees.

Mr. Justice Shiras, after stating the case, delivered the opinion of the court.

The ninth specification of error complains of the refusal of the court below to remand the cause to the Superior Court of Pierce County upon the showing that, after the admission of the State of Washington, it had been stipulated by the counsel of the respective parties that said cause might be tried in said Superior Court. But the record shows that the reasons assigned in the court below for the motion to remand did not

mention such a stipulation, and it is out of time and place to urge it in this court.

The tenth assignment asserts want of jurisdiction in the Circuit Court, at the time of entering the final decree, because the record did not contain a specific allegation that the matter in dispute exceeded the sum of two thousand dollars. If the record were defective in the particular mentioned, we think that the amendment by affidavits, disclosing that the value of the matter in dispute largely exceeded the jurisdictional amount, cured the defect. The procedure would have been more formal if the decree had been set aside, and renewed after the amendment had been made; but the term at which the decree was entered had not ended, so that the court still had power to permit an amendment of the record, and we do not feel compelled to reverse the decree because of the manner in which the court below exercised its power of amendment. Besides, it is not clear that the record was defective in the respect claimed. The suit was not one to recover a sum of money, but to decide a question of title to a considerable tract of land, and the plaintiff put in evidence in support of his claim, and of course before the decree was entered, tending to show that the land was worth more than ten thousand dollars; and if it be competent, as has always been held, to show by *ex parte* affidavits the amount of the value of the matter in dispute, it would seem that evidence to the same effect, deliberately put in by the very party now suggesting the defect, should be regarded as sufficient. It is also observable that the plaintiff, in his petition for an appeal, averred that the value of the property in dispute exceeded the sum of ten thousand dollars, and while, doubtless, that allegation, made for the purpose of showing that this court has jurisdiction on appeal, would not, of itself, supply the defect in the record of the Circuit Court, it is convincing that, in point of fact, the land in dispute was worth more than two thousand dollars, and that the plaintiff was not injured by the action of the court in permitting the record to be amended by affidavits supplying the formal averments of value.

Another error assigned is to the refusal of the court to

direct that the cause should be tried by the Honorable Lorenzo Sawyer, Circuit Judge, or in the event that it be found inconvenient for the Circuit Judge to try the cause, that the same be certified to the adjacent circuit of Oregon. The basis of this motion was an affidavit made by the plaintiff, alleging that the District Judge of the District of Washington, before whom the cause was about to come on for argument, had been, prior to his appointment as such judge, of counsel for some of the defendants.

The learned judge, in refusing the motion, stated that the motion was put upon the statement that he had been employed as an attorney by some of the defendants before his appointment to the office in matters not connected with the case, and that, as he was the only judge then present and able to try the cause, he was of opinion that it was his duty to do so.

Understanding then, as we do, that the ground of objection was that the judge had been, prior to his appointment, attorney for some of the defendants on matters not connected with the present case, we do not perceive that he was disqualified from trying the cause. In such a state of facts, the judge must be permitted to decide for himself whether it was improper for him to sit in the trial of the suit.

This was a proceeding in equity whereby Anthony P. Carr sought to have the defendants, who derived their titles to certain lands from Robert E. Sproul, to whom had been granted in 1875 a patent for said lands, declared trustees for his benefit on the ground that the patent had been improperly issued, and the substantial question in the case is as to what effect ought to be given to the proceedings and decision of the land office.

Appellant's first contention is that the tribunal that tried the case between Carr and Sproul was illegal in respect that instead of the register acting alone, the receiver took part in the hearing and decision. It is provided, in section 2297, Revised Statutes, that proof of abandonment is to be made out to the satisfaction of the register of the land office, and the record discloses that the evidence in the present case, on the question of abandonment, was put in before the register and the re-

ceiver, and that the finding was signed by both officers. No objection, however, seems to have been made while the hearing was in progress before them, nor was the participation of the receiver made a ground of exception in the appeal to the Commissioner of the General Land Office, or in the further appeal to the Secretary of the Interior. Nor was such participation complained of by the plaintiff in his bill of complaint, or called to the attention of the court below. We do not consider it necessary to decide whether in such an inquiry in the land office the receiver may validly take part, because we think an objection on that ground is made too late in this court.

The next position taken by the appellant is that the register and receiver went outside of their jurisdiction, which it is claimed was restricted to the question of abandonment, and recommended the cancellation of Carr's entry on other grounds than that of abandonment.

An examination of the proceedings in the land office does not sustain this position. They began with Sproul's application for a contest, in which Carr's abandonment of the tract is alleged. This was followed by the notice from the register and receiver to Carr that such a contest had been initiated, and fixing a time and place for him to attend and "furnish testimony concerning said alleged abandonment," and the record discloses that a large amount of evidence was put in on that issue.

It is true that the register and receiver, in their written decision, made August 18, 1873, wherein they decided in favor of the contestant, Sproul, used the following language: "From these occasional visits to the claim we can but draw the conclusion that said A. P. Carr did not wholly abandon his said claim, but we are more strongly of the opinion that the utter disregard of the spirit of this beneficent law, which gives to the poor man upon easy and reasonable terms what he could not otherwise obtain, would in equity be sufficient ground for cancellation of the homestead entry No. 1368, of A. P. Carr." Standing alone, this language would seem to give some color to the contention that the officers had failed to find the fact

of abandonment, and had placed their decision on merely equitable grounds. But when the statement quoted is read in connection with the entire report or decision, it is quite plain that the fact of abandonment was affirmatively found. The language criticised was elicited by evidence adduced by Carr, by which it was sought to show continuous possession, but which the officers regarded and found to rather show a want of good faith on the claimant's part — a mere pretended compliance with the law; and hence the expressions used were really the very opposite, in their actual meaning, to that now attributed to them. In effect it was said that, even if, instead of exacting strict legal proof by Carr of his compliance with the law, the case were to be equitably considered, the conclusion must still be that his entry should be cancelled.

This finding by the register and the receiver was approved by the Commissioner of the General Land Office, and subsequently by the Acting Secretary of the Interior.

Finally, it is contended that the court below erred in not going behind the decision of the Land Department, and in not giving effect to complainant's evidence as if the controversy were wholly independent of that decision.

An inspection of the opinion of the court below, however, discloses that the judge, while properly holding that the decision of the land office was conclusive unless the charges of conspiracy and fraud contained in the appellant's bill were sustained, yet considered the evidence with evident care.

Objection was made in the court below to the admission in evidence of the record in the case of *Anthony P. Carr* v. *The Tacoma Land Company*, as incompetent and irrelevant. As the contest in that case was about a different piece of land, it is not easy to see what purpose was served by putting the record in evidence — apparently to base thereon a cross-examination of the appellant, going to show that his place of residence was not consistent with his claim in this case. But it does not appear that the court deemed this evidence as having the least importance. It is not even referred to in the opinion, and its admission cannot, in any point of view, be deemed ground for a reversal of the decree below.

So, too, we are unable to see that there was error in admitting the record of the proceedings in the contest in the land office. The effort is made to sustain this objection by citing *Smelting Co.* v. *Kemp*, 104 U. S. 636, 640. But in that case the offer was to show, in an action at law, a record of the proceedings in the land office in order to impeach the patent, and the ruling was that, as against a patent regular upon its face, and in an action at law, such an offer was inadmissible. But here, when the plaintiff was endeavoring, by a bill in equity, to invalidate a patent by averring misconduct on the part of the officials in the contest case, a complete record of their proceedings was not only relevant, but of the utmost importance, if the incidents attending the contest in the land office were to be at all a subject of inquiry.

We cannot undertake to review the evidence in detail, but we have read it in the light afforded by an able brief filed on behalf of the appellant, and have been unable to find any satisfactory proof of fraud and imposition, but for which the appellant would have been entitled to himself receive the patent.

Nor can we accede to the argument that the Land Department fell into errors of law, by disregarding the appellant's evidence of the nature of his entry and of his character as a soldier applicant. The question really was whether or not he had abandoned the tract of land and had failed to comply with the directions of the law, and that question was found against the appellant.

Of course, in the absence of fraud and imposition, the findings and decision of the land office cannot be reviewed as to the facts involved, and the court below would not have been warranted in interfering with the title of the patentee and his vendees. *Lee* v. *Johnson*, 116 U. S. 48.

These views lead to the conclusion reached by the court below, and render it unnecessary to consider the defence of the statute of limitations discussed in the appellee's brief.

The decree of the Circuit Court is

*Affirmed.*