**FOWLES v. COMMERCIAL CASUALTY INS. CO.**

Civ. No. 191.

District Court, E. D. Washington, S. D.

April 2, 1945.

694

June Fowles, of Yakima, Wash., for plaintiff.

Ryan, Askren & Mathewson, of Seattle, Wash., for defendant.

SCHWELLENBACH, District Judge.

■ This is an action under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, in which plaintiff seeks to require defendant to pay hospital expenses and weekly disability allowances under the provisions of a policy of insurance issued by the defendant to him in 1937. Plaintiff alleges that, while the policy was in force, he became totally and permanently disabled as a result of an accident occurring on April 14, 1943. He alleges that he has a life expectancy of 29.62 years and that, under the terms of the policy, he will be entitled during his life to receive benefits amounting to $35,400. He alleges that, up to the date of the filing of his amended complaint, benefits accrued to the extent of $2,575. He further alleges that the defendant refuses to pay the benefits provided in the policy for the reason that it contends that prior to the accident he had changed his occupation and that, under the provisions of the policy, the liability of the defendant is limited to such portion of indemnities provided in the policy as the premium paid would have purchased at the rate but within the limits fixed by the company for more hazardous occupation, which plaintiff alleges would be so limited in scope and value as almost to nullify any benefits. He alleges that his rights to future benefits which he seeks to preserve and protect by this action exceed the sum of $3,000 in value. To the complaint, the defendant has interposed a demurrer and a motion to quash. By these it seeks to raise the jurisdictional question as to whether the amount in controversy exceeds $3,000. Plaintiff objects to the consideration of this jurisdictional question under the demurrer and motion contending that they do not properly reach the question. 28 U.S.C.A. following section 723C, rules 7(c) and 12(b). Regardless of the tactical ineptness on defendant's part, the question is here and must be decided. Kavourgias v. Nicholaou Company, Limited, 9 Cir., 148 F.2d 96.

■ Defendant insists that consideration of this jurisdictional question must be limited exclusively to the allegations of the original complaint. That contention is without merit. Federal Rules of Civil Procedure, Rule 15(c), 28 U.S.C.A. following section 723c; Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29, 31; Alderman v. Elgin, J. & E. Ry Co., 7 Cir., 125 F.2d 971, 973; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561, 562; Carr v. Fife, 156 U.S. 494, 15 S.Ct. 427, 39 L.Ed. 508. While it is true that, in determining jurisdiction, the decision must be based upon the facts that existed at the time of the commencement of the original action and it is true that a plaintiff cannot commence an entirely different action by an amended complaint, a plaintiff does have a right to insert new allegations of facts which existed at the time of the filing of the original complaint and they will relate back to the original filing. The only important factual amendment in the amended complaint here, as compared with the original, is the inclusion of the paragraph referring to plaintiff's life expectancy.

■ The problem which defendant presents on the question of jurisdiction is an

extremely perplexing and vexatious one. There is a sharp conflict of opinion between the Circuit Courts of Appeals which have passed on it. The question posed is whether, in a declaratory judgment action, when the indemnities already accrued are less than $3,000, the court has jurisdiction when it is alleged that, taking into consideration the insured's life expectancy and accepting the allegation as to permanent and total disability, the value of the insured's rights will, if he lives out and is totally disabled during a sufficient period of his expectancy, amount to more than $3,000.

It is well settled that, in a straight action to recover disability benefits, the jurisdictional amount must be measured upon the basis of the indemnities already accrued. Mutual Life Insurance Co. of New York v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; Equitable Life Assur. Society v. Wilson, 9 Cir., 81 F.2d 657; Wright v. Mutual Life Ins. Co. of New York, 5 Cir., 19 F.2d 117. This is true even though the collateral effect of the judgment in such actions may be to establish the right of the insured to recover sums far in excess of the jurisdictional amount. Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195. See, also, Healy v. Ratta, 292 U.S. 263, 54 S. Ct. 700, 78 L.Ed. 1248. The Declaratory Judgment Act does not enlarge the jurisdiction of the Federal Courts nor alter the character of the controversies which are the subject of judicial power under the Constitution. Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121; West Pub. Co. v. Colgan, 9 Cir., 138 F.2d 320, 149 A. L.R. 1094. But when the validity of the whole policy is in issue and the policy value exceeds the jurisdictional amount, the court has jurisdiction in a declaratory judgment action even though the accrued liability for disability payments is less than $3,000. Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; Pacific Mut. Life Ins. Co. of California v. Parker, 4 Cir., 71 F.2d 872; Ginsburg v. Pacific Mut. Life Ins. of California, 2 Cir., 69 F.2d 97. In that aspect, obligations it may be compelled to pay in the future are not merely contingent and enter into the amount in dispute. In determining what they are, the life expectancy of the insured may be considered. Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Brotherhood of Locomotive Firemen & Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L. Ed. 219; New York Life Ins. Co. v. Swift, 5 Cir., 38 F.2d 175; Jensen v. New York Life Ins. Co., 8 Cir., 50 F.2d 512.

The court's jurisdiction in cases in which the basic facts substantially corresponded to those alleged here has been sustained in Ballard v. Mutual Life Ins. Co. of N. Y., 5 Cir., 109 F.2d 388; Franzen v. E. I. Du Pont De Nemours & Co., 3 Cir., 146 F.2d 837; Columbian Nat. Life Ins. Co., v. Goldberg, 6 Cir., 138 F.2d 192. See, also, Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 115 A.L.R. 1486. It has been denied in Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434; Mutual Life Ins. Co. v. Temple, D.C., 56 F.Supp. 737; Edelmann v. Travelers Ins. Co. of Hartford, Conn., D. C., 21 F.Supp. 209.

Unfortunately this is not a question of which disposition can be made through the simple mathematical process of comparing the number of decisions. In Mutual Life Ins. Co. v. Moyle, supra [116 F.2d 437], Judge Parker wrote an opinion which can not be ignored even in the face of the weight of authority. No one can deny the correctness of his statement that litigants "may not be permitted, under the guise of seeking declaratory judgments, to drag into federal courts the litigation of claims over which, because involving less than the jurisdictional amount, it was never intended that the federal courts should have jurisdiction." There is much logic in his statement: "A declaratory judgment can be had, however, only with respect to a justiciable controversy; and the justiciable controversy here, as we have seen, extends only to the accrued disability benefits, as the conditions entitling insured to such benefits may change at any time." I can see no logic, however, in distinguishing between cases in which the entire policy is attacked and that in which only the question of the right to the benefits is raised. If the amount of disability benefits is too uncertain in one instance, it should be too uncertain in the other. "The conditions entitling insured to such benefits may change at any time" regardless of whether the attack is on the whole contract or just a part of it. In thus holding, the Moyle case runs counter to the Supreme Court's statement in Aetna Life

Insurance Co. v. Haworth, 300 U.S. 227, 242, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000, which reads as follows:

"On the one side, the insured claimed that he had become totally and permanently disabled and hence was relieved of the obligation to continue the payment of premiums and was entitled to the stipulated disability benefits and to the continuance of the policies in force. The insured presented this claim formally, as required by the policies. It was a claim of a present, specific right. On the other side, the company made an equally definite claim that the alleged basic fact did not exist, that the insured was not totally and permanently disabled and had not been relieved of the duty to continue the payment of premiums, that in consequence the policies had lapsed, and that the company was thus freed from its obligation either to pay disability benefits or to continue the insurance in force. Such a dispute is manifestly susceptible of judicial determination. It calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.

"That the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is every day practice."

On this phase of the case, I feel myself bound by the recent decision of the Ninth Circuit Court of Appeals in American General Ins. Co. v. Booze, 146 F.2d 329, 331. That was an action for a declaratory judgment by an insurance company which asked the court to determine whether or not it was required to defend an action which had been commenced against its assured. The amount of liability to which the insurance company might be subjected was undetermined. It might be less or much more than $3,000. In that case, the entire policy was not attacked. The insurance company admitted that its contract was in full force and effect. It alleged that the individual for whose death claim was made was, at the time of· his death, covered by the Workmen's Compensation Act of California and that, therefore, his heirs were not entitled to recover from the plaintiff's assured and, therefore, asked the court so to interpret its

contract as to relieve it of the obligation to defend the action against its assured or to pay a judgment which might be rendered against him. The issue was raised that because there was no certainty that the amount of that judgment would exceed $3,000, therefore the amount in controversy did not exceed $3,000. Without discussion, the court disposed of the contention as being without merit.

■ It is true that the policy in the Booze case obligated the company to pay up to $10,000. That however, was only the limit of its obligation. It was just the ceiling above which its contract could not go. That is a distinction which few courts have made but which must be made. It is usually only upon death ·or the happening of a certain event (such as the loss of an eye or a limb) that the company "contracts" to pay a certain amount. The principal sum named to be paid in the event of the ·occurrence of other events or the existence of certain conditions is the limit of liability. For example, in the policy involved in this case, there are two equally important provisions for indemnity. The first is the "Single Principal Sum $1,000." The other is the "Single Weekly Indemnity $25." This plaintiff's claimed right under the policy is to have paid to· him the sum of $25 per week as long as. he lives if he is permanently and totally disabled. That right has been placed in doubt by the company's claim that he lost it because he changed his ·occupation. The amount in controversy is the value of that which it is sought to be declared free of doubt. It cannot be claimed with any logic that a difference may exist simply because of the manner in which that doubt has been raised. There is an actual controversy admitting of relief. The jurisdictional question turns on the value of the right which is controverted. The Ninth Circuit Court of Appeals definitely recognized this principle when, in Equitable Life Assur. Co. v. Wilson, supra, 81 F.2d at page 660, it italicized the Supreme Court's language as follows: "The Supreme Court draws the distinction between the two in the following language: 'This, it will be seen, is not an action at law to recover overdue installments, but a suit in equity *to preserve and protect a right to future participation in the fund.* If the value of *that right* exceeds $3,000, the District Court has jurisdiction.' [Brotherhood of Locomotive Firemen &·

Enginemen v. Pinkston], 293 U.S. 96, 99, 100, 55 S.Ct. 1, 2, 79 L.Ed. 219. (Italics inserted)."

Defendant's demurrer, which I have considered as a motion to dismiss, must be overruled and its motion to quash denied.