Jay E. **DARLINGTON**, Plaintiff-Appellant,

v.

**STUDEBAKER–PACKARD CORPORA-TION**, Defendant-Appellee.

No. 12387.

United States Court of Appeals
Seventh Circuit.

Jan. 2, 1959.

———————◆———————

Jay E. Darlington, Owen W. Crumpacker, Hammond, Ind., for appellant.

Wayne B. Easton, South Bend, Ind., for appellee.

Before MAJOR, SCHNACKENBERG and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

On December 31, 1952, Jay E. Darlington, plaintiff-appellant, as assignee of a certain design patent, filed an action against the predecessor of Studebaker-Packard Corporation,[1] defendant-appellee, in the United States District Court for the Northern District of Indiana, South Bend Division, charging infringement of such patent with a prayer for an accounting of profits and damages arising therefrom. Since the chronology of subsequent steps taken in the case below leading to this appeal is important, we list those steps in proper sequence:

(1) On February 20, 1953, defendant filed its answer of admission and denial.

(2) On September 1, 1953, a clerk's entry recited that the case was placed on the trial call calendar for the October 1953 term, "and no request for trial was received."

(3) On March 4, 1955, an order was entered substituting the defendant's successor, Studebaker-Packard Corporation, as defendant, followed by entries on June 9 and 23, 1955, substituting new defense counsel.

(4) On January 20, 1956, defendant filed 20 interrogatories and 101 requests for admissions, directed to plaintiff, who, on April 23, 1956, filed his answers and responses thereto.

(5) On May 2, 1957, the following notice was sent to the parties by the Clerk:

"You are hereby notified that this cause will be dismissed on Thursday, June 6, 1957, pursuant to Rule 11 of this court, unless prior thereto, for good cause shown, the court orders otherwise.
"/s/ Kenneth Lackey, Clerk."

*(It is undisputed that Darlington's counsel received this notice and that no response was made thereto.)*

(6) On June 6, 1957, the action was dismissed under the following order:

"Pursuant to notice given under Rule 11 of the Rules of this Court, cause dismissed for failure to prosecute at the costs of the plaintiff.
"/s/ W. Lynn Parkinson, Judge."

(7) On June 11, 1957, defendant filed its bill of costs and verification thereof.

(8) On June 21, 1957, plaintiff filed has verified "Motion to Vacate Dismissal."

(9) On March 14, 1958, oral argument on the motion to vacate the dismissal was heard by Judge Robert A. Grant (successor to Judge Parkinson on the district bench) and time was given to file briefs.

(10) On April 14, 1958, plaintiff filed his motion for Judge Grant to disqualify himself from ruling on the pending motion and from acting further in the case because of alleged prior employment of him by defendant in other matters.

(11) On April 23, 1958, defendant filed its brief in opposition to both of plaintiff's pending motions, admitting that its predecessor defendant had paid Judge Grant a retainer of $400 per month "to handle certain legal matters having no connection whatsoever with the present case continuously from July 1950 to the end of 1954."

(12) On May 8, 1958, Judge Grant overruled plaintiff's motion that he should disqualify himself under the following order:

"Plaintiff's Motion For the Judge to Disqualify Himself is hereby overruled, as the present occupant of this bench:

1. The Studebaker Corporation.

"(1) Has no interest in this present action;

"(2) has not been of counsel as to this action and has not been a material witness therein;

"(3) has not been and is not now, to his knowledge and in his opinion, so connected with any party in this matter, or any attorney therein, as to render it improper for the present occupant of this bench to preside in this matter."

(13) On May 9, 1958, an order was entered denying plaintiff's motion to vacate the order of dismissal.

Plaintiff now appeals from the orders of May 8 and 9, 1958, alleging error by the district court in the denial of each of his motions for disqualification and to vacate.

■ Although defendant has not filed a motion to dismiss this appeal, it challenges our jurisdiction to hear the appeal on the ground that it is not from any final decision of the district court pursuant to 28 U.S.C.A. § 1291. However, plaintiff's motion to vacate the order of dismissal was filed pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground of mistake, inadvertence, or excusable neglect and for other reasons claimed to justify relief from the dismissal. It is well established that such a motion is addressed to the sound legal discretion of the trial court and courts of appeal have frequently reviewed the exercise of such discretion, holding that the ruling on the motion will not be disturbed upon appeal except for an abuse of this discretion. Parker v. Checker Taxi Company, Inc., 7 Cir., 1956, 238 F.2d 241; Jones v. Jones, 7 Cir., 1954, 217 F.2d 239; Cole v. Fairview Development, Inc., 9 Cir., 1955, 226 F.2d 175; Stafford v. Russell, 9 Cir., 1955, 220 F.2d 853; Weilbacher v. J. H. Winchester & Co., Inc., 2 Cir., 1952, 197 F.2d 303; Cromelin v. Markwalter, 5 Cir., 1950, 181 F.2d 948. Cases cited by defendant are inapplicable for the reason that they do not involve Rule 60(b).

Rule 11 of the district court, under which this action was dismissed, appears in the September 1, 1955 Edition of the rules of that court as follows:

"Dismissal of Civil Cases Because of Lack of Prosecution. Civil cases in which no action has been taken for a period of one year may be dismissed for want of prosecution with judgment for costs after thirty days notice given by the clerk to the attorneys of record unless, for good cause shown, the court orders otherwise."

■■ Plaintiff asserts that this local Rule 11 is invalid for the reason that it is "inconsistent" with Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., and is therefore violative of Rule 83, F.R.C.P. Rule 41(b) provides, among other things, for the dismissal of an action on motion of the defendant for failure of the plaintiff to prosecute. Rule 83 provides for the adoption by the district court of rules governing its practice "not inconsistent" with the federal rules, and that in "all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules." Plaintiff's contention is without merit. Local Rule 11 merely provides for the dismissal of an action for want of prosecution by the court on its own motion, and we find no inconsistency therein with Rule 41(b). Furthermore, it is within the court's inherent power to so dismiss an action without authority of statute or rule. Hicks v. Bekins Moving & Storage Co., 9 Cir., 1940, 115 F.2d 406, 408, 409. We hold local Rule 11 to be valid.

■ Plaintiff's next contention is that if local Rule 11 is valid, it was nevertheless an abuse of discretion on the part of the district court to refuse to vacate the dismissal under the fact situation set out in his motion. We have examined this motion and it shows in substance that plaintiff has been a practicing attorney in Hammond, Indiana; that continuously since January 3, 1957, he has been under a continuous and heavy burden of trial work which could not be

avoided or delayed, naming a case in each of three federal district courts in Chicago, Illinois, in Miami, Florida and in Puerto Rico; that due to this situation and the burden of other litigation he overlooked the requirement of taking action in this case under Rule 11; that "if it had not escaped his attention it would not have been possible anyhow to take such action within said time, due to the aforesaid situation of the plaintiff"; that, although he had counsel of record, he had taken the responsibility for conducting the litigation and his counsel relied on him to take such action; that he has always intended to prosecute this action to trial but was delayed in so doing because of his heavy professional burden and the great amount of trial preparation necessary in this case, and for the further reason that he did not consider it appropriate to press the action during the past several years while defendant was extricating itself from financial difficulties. We have examined the motion in full and find no showing therein to justify a holding that the district court abused its discretion in denying relief under Rule 60(b).

We have set out the record of the proceedings in detail and need not comment on it further at length. It is sufficient to repeat that plaintiff filed his action on December 31, 1952 and took no further action in court, except in 1956 with reference to defendant's interrogatories and requests for admissions, until he filed his motion to vacate the order of dismissal on June 21, 1957. It is significant to note that he completely ignored the notice on May 2, 1957 that the cause would be dismissed on June 6, 1957 "unless prior thereto, for good cause shown, the court orders otherwise." Under all the circumstances presented to the district court we hold that it did not abuse its discretion in denying plaintiff's motion to vacate the order of dismissal.

█ Plaintiff asserts that the district court erred in overruling his motion for the judge to disqualify himself. Since we have held that the order denying relief under Rule 60(b) is a final disposi-

tion of the case reviewable by this court, we will also review the action of the district judge in refusing to disqualify himself under 28 U.S.C.A. § 455. This section provides:

"Any justice or judge of the United States shall disqualify himself in any case in which he * * * is * * * so related to or connected with any party * * * as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

Plaintiff's motion for disqualification charges that Judge Grant, while in the active practice of law in South Bend, Indiana, during a period from about 1950 to about 1954 or 1955, was employed on a salary and expense basis by defendant in connection with the procurement or negotiation of government contracts in Washington, D. C., to supply motor vehicles and other equipment to the military or other governmental agencies, and for that reason cannot be disinterested and impartial in this case. We have set out defendant's admission of the prior employment and Judge Grant's response in his order denying plaintiff's motion. Plaintiff cites no cases supporting his contention that, under the circumstances, the judge acted improperly in refusing to disqualify himself.

█ There is no claim that Judge Grant was ever of counsel in this case or had any interest in it. The claim is that he was employed as an attorney for defendant for a period of about four years ending at the close of 1954. (He assumed the federal district bench in September, 1957.) Shall a judge, who formerly was an active practicing attorney, feel compelled to disqualify himself from hearing matters in which any of his clients of former years may be parties? This has been answered in Carr v. Fife, 1894, 156 U.S. 494, 498, 15 S.Ct. 427, 428, 39 L.Ed. 508, where the Supreme Court of the United States said:

"* * * the ground of objection was that the judge had been, prior to his appointment, attorney

for some of the defendants on matters not connected with the present case, we do not perceive that he was disqualified from trying the cause. *In such a state of facts the judge must be permitted to decide for himself whether it was improper for him to sit in the trial of the suit."* (Our emphasis.)

This is a case involving a matter of judgment to be determined by the judge within his own conscience. We find no error in his refusal to disqualify himself.[2]

The orders appealed from are Affirmed.

---

2.  For an interesting summary of related questions, see Green v. Murphy, 3 Cir., 1958, 259 F.2d 591.