**Sidney W. POPKIN et al.**

**v.**

**EASTERN AIR LINES, INC., et al.**

Civ. A. Nos. 28664, 28741, 28762–28764, 28788, 28789, 29099, 29100, 29159–29162, 29274, 29275, 29615, 29616, 29724, 29768, 29881–29884, 29901, 30078, 30079, 30200, 30230, 30257–30260, 30263, 30266, 30284, 30288, 30289, 30300–30306, 30343, 30344, 30346.

United States District Court
E. D. Pennsylvania.
May 22, 1964.

———◆———

Milton M. Borowsky, Alan J. White, Freedman, Borowsky & Lorry, Philadelphia, for plaintiffs in Civ. A. Nos. 30302–30305 and 30343.

Abram P. Piwosky, David M. Hass, Philadelphia, Pa., Lee S. Kreindler, New York City, for plaintiffs in Civ. A. Nos. 29724, 30288 and 30289.

John R. McConnell, Ralph Earle, II, Morgan, Lewis & Bockius, Seymour I. Toll, Richter, Levy, Lord, Toll & Cavanaugh, Philadelphia, Pa., for plaintiffs in Civ. A. Nos. 30078, 30079 and 30284.

Harry D. Sporkin, Morris Paul Baran, Philadelphia, Pa., for plaintiff in Civ. A. No. 30257.

Elwood S. Levy, Arthur G. Raynes, David F. Binder, Philadelphia, Pa., for plaintiffs in Civ. A. Nos. 29274, 29099, 28741 and 28763.

Drew J. T. O'Keefe, U. S. Atty., Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa., Philip Silverman, Max L. Kane, Attys., Dept. of Justice, Washington, D. C., for the United States.

Owen B. Rhoads, George J. Miller, Dechert, Price & Rhoads, Philadelphia, for General Motors Corp.

J. Grant McCabe, III, Rawle & Henderson, Philadelphia, Pa., for Eastern Air Lines, Inc.

Sidney L. Wickenhaver, Hugh G. Moulton, Philadelphia, Pa., for Lockheed Aircraft Corp.

### ORDER SUR MOTION FOR DISQUALIFICATION

(Document 50 in Civil Action 28664)

And now, May 22, 1964, after consideration of the above Motion and the record, it is ordered that the MOTION FOR DISQUALIFICATION (Document 50 in Civil Action 28664) is denied.

/s/ FRANCIS L. VAN DUSEN

District Judge.

Plaintiffs in these actions, dissatisfied with the ruling of a District Court judge in a matter committed to the discretion of the District Court by Congress (28 U.S.C. § 1404(a)),[1] secured an order from the United States Court of Appeals directing that such judge file an answer showing cause why petitions for writ of mandamus and prohibition should not be granted. After the ultimate denial of those petitions by the appellate courts,[2] plaintiffs contend now that consultation by such District Judge with attorneys for their adversaries, who represented the judge without compensation in accordance with the usual practice in this court, disqualifies the District Judge from further action in this case.[3] This contention, which would enable a party to select his own judge in a multiple judge court by seeking writs of mandamus and prohibition against assigned judges, is based on language inserted in the United States statutes in 1821 (3 Stat. 643).

1. Popkin v. Eastern Air Lines, Inc., et al., 204 F.Supp. 426 (E.D.Pa.1962).

2. See Van Dusen et al. v. Barrack, Administratrix, et al., 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945.

3. The attached letters of April 2, 6, 8, and 9 provide the background for the conference of April 10, 1964 (see transcript filed as Document 48 in C.A. 28664).

See 28 U.S.C. § 455.[4] Plaintiffs have been able to submit, and the assigned judge has been able to find, no authorities in support of their position that this statute was ever intended to apply to a situation such as this. Insofar as counsel apparently object to the trial judge's making suggestions at a conference to his lawyers as to the inclusion of material in the answer required to be filed by him, the lack of any connection between such suggestions[5] and the uncertainty of state law now before the court[6] makes such argument inapplicable.[7] It seems hardly likely that Congress did intend 28 U.S.C. §§ 455 and 1404(a) to be construed in such a way that judges should be the only involuntary litigants who are to be deprived of the benefits of counsel.

The record[8] makes clear that the trial judge had only one real discussion of this answer with his counsel, the meeting of April 10, 1962, being almost entirely, if not entirely, a social visit in view of the order entered by the U. S. Court of Appeals for the Third Circuit on that day (see page 1 of letter of 4/16/64, being Exhibit C to the above Motion).

The record contains no evidence that the effect of the uncertainty of the state law on the granting of the Motions to Transfer under 28 U.S.C. § 1404(a) was considered in any consultation between the assigned judge and his counsel at any time between April 6, 1962, and April 1, 1964 (pp. 17 and 20 of Document 48). In fact, the only matter the assigned

4. The pertinent language relied on by plaintiffs is:
   "Any * * * judge of the United States shall disqualify himself in any case in which he * * * has been of counsel * * * or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial * * * or other proceeding therein."

5. The suggestions concerned:
   (1) clarifying wording in the Answer as drafted by counsel (paragraphs A, B, F and G of Exhibit E to the above Motion);
   (2) reference to a recent decision of the Supreme Court of the United States, decided since the entry of the April 6, 1962, order of which plaintiffs complained (paragraph C of Exhibit E to the above Motion); and
   (3) references to statutory language showing that Congress had committed the decision to transfer or not to transfer under 28 U.S.C. § 1404(a) to the District Court (paragraphs D and E of Exhibit E of the above Motion).
   The only suggestions of the assigned judge adopted by his counsel were those in the above-mentioned paragraphs A, D, E, F, and G, covered by parts 1 and 3 of the above sentence. Another opinion in the case of Curtis v. A. Garcia Y Cia, 241 F.2d 30 (3rd Cir. 1957), mentioned in paragraph C, as referred to under (2) above, had been cited in the above opinion of April 6, 1962 (Popkin v.

Eastern Air Lines, et al., supra, 204 F. Supp. at 433).

6. See letter of April 6, 1964, scheduling argument on reconsideration contemplated by Part III of the March 30, 1964, opinion of the Supreme Court of the United States in Van Dusen et al. v. Barrack, Administratrix, et al., supra (pp. 823–824 of 84 S.Ct.).

7. Also, the discussion of the answer in June 1962 had no relation whatever to discovery, trial, or any other issues which will be involved in the case after decision on the Motions under 28 U.S.C. § 1404(a).

8. The record in this proceeding consists of the exhibits attached to the above Motion, the statements of recollection made at the conference of April 10, 1964 (pp. 5–10, 17, 20, 46–47, 48 of Document 48), and the attached, two-page list of documents enclosed with the letter of April 16, 1964, which letter is attached to the above Motion as Exhibit C but without that list. Although counsel for the plaintiffs initially contended that the assigned judge "went into detail as to the brief" (page 13 of Document 48 in C.A. 28664), no evidence to support this assertion has been produced, except the insistence of the assigned judge that he would not take the position, in the briefs or elsewhere, that plaintiffs' attempt to secure review of the order of April 6, 1962, should be defeated on the ground of their failure to proceed under 28 U.S.C. § 1292(b) (see pp. 7 and 8, and 46, of Document 48 in C.A. 28664).

judge can remember being discussed by him with his counsel is his unwillingness to take the position advocated by the Government that the plaintiffs should be precluded from securing review of his order of April 6, 1962, because of their failure to proceed under 28 U.S.C. § 1292(b) (see pp. 7, 8 and 46 of Document 48 in C.A. 28664).

Counsel for the Government has stated the position of the United States of America as follows (p. 31 of Document 48 in C.A. 28664):

> "I can only say this: I haven't heard anything proposed by any of the plaintiffs which would in any way impugn the ability of the Court to make the decision here, except hopeful speculation."

Since plaintiffs apparently rely on the consultation of the judge with his counsel as the principal reason for the alleged disqualification, it is interesting to note that a number of cases have held that disqualification under 28 U.S.C. § 144 is not required by relationships between a judge and an attorney which were as close, if not closer, than the relationship here: Carr v. Fife, 156 U.S. 494, 15 S.Ct. 427, 39 L.Ed. 508 (1895) (judge had formerly been attorney for some of the defendants in matters unconnected with the case); United States v. Onan, 190 F.2d 1 (8th Cir. 1951);[9] Craven v. United States, 22 F.2d 605 (1st Cir. 1927);[9] Smith v. Insurance Company (M.D.Tenn.1962);[9] United States v. of North America, 213 F.Supp. 675 Valenti, 120 F.Supp. 80 (D.N.J.1954).[9]

It is noted that, although the following civil action numbers are listed on the above *Motion*, which was filed with the court on April 27, 1964, these civil actions had been transferred or settled prior to that date: Civil Actions Nos. 30257, 30259, 30300, 30303 and 30304.

---

9. These cases involved ex parte communication between the court and counsel for one party.