**Arnold G. PESSIN and Rex C. Ellsworth, Plaintiffs,**

**v.**

**KEENELAND ASSOCIATION and the University of Kentucky Research Foundation, Defendants.**

**No. 1800.**

United States District Court
E. D. Kentucky,
Lexington Division.

Sept. 29, 1967.

Hurst & Burnett, Lexington, for plaintiff.

Stoll, Keenon & Park, Harbison, Kessinger, Lisle & Bush, Lexington, for defendant.

## MEMORANDUM

SWINFORD, Chief Judge.

This case is before the court on motion of the plaintiffs that the undersigned judge of this court disqualify himself on the basis of the affidavit of F. Selby Hurst, attorney of record for the plaintiffs, which is filed with the motion. The record should be corrected to the effect that the undersigned judge is not a senior judge of the Eastern District but is the chief judge of the United States District Court for the Eastern District of Kentucky. The term "senior judge" does not apply to active judges but only to those who have retired from active service.

The court is of the opinion that the allegations of the affidavit are insufficient to sustain the motion. It is true that Mr. William Swinford is a member of the law firm of Stoll, Keenon & Park, attorneys of record for one of the defendants in this case. His collateral relationship to the undersigned judge is not a circumstance which embarrasses the judge in sitting in the case and in adjudicating the rights of the parties to a final conclusion. Mr. William Swinford is the son of a deceased half brother and, while this is a blood relationship, the court feels that it would be improper to decline to fulfill its obligation as the judge of this district on this ground. The high office of United States judge is and should be jealously guarded as to its dignity and integrity. No one is more aware of that fact or takes more pride in it than those of us who are privileged to serve in this high office. Anything which might in any way reflect upon either the dignity of the office or the integrity of the person who occupies it should be scrupulously avoided. However, there is a corresponding obligation on the part of a judge to decline to disqualify himself for a relatively trivial reason. At times in the federal courts and frequently in the state courts, practicing attorneys have had much closer relationships to the judge before whom they practice and to attempt to invoke such a principle as is suggested by counsel here would present an intolerable situation and deny the public the right to the services of a judge duly elected or appointed in favor of a person in whose selection it had no part or voice. In Kentucky, I might say, I believe that it would have a very undesirable effect in communities where there is a small bar and where the judge is chosen from among his fellow lawyers with many of whom he may be related by consanguinity or affinity or with whom he has had intimate professional, social or business connections. It has even been suggested that a judge, because of some such connection as is stated here, might lean backwards in his determination of issues presented. Such an idea is equally obnoxious. The position of a judge is neither backward nor forward but erect.

It is a judge's duty to refuse to sit when he is disqualified but it is equally his duty to sit when there is no valid reason for recusation. Judicial duty requires that controversies be decided fairly and without passion or prejudice but judges also have a duty not

to excuse themselves from their obligation of exercising the duties of their office when the parties and the subject matter of the litigation are properly before them. Banco Nacional de Cuba v. Sabbatino, 2 Cir., 307 F.2d 845; Edwards v. United States, 5 Cir., 334 F.2d 360; 28 U.S.C.A. § 455; Carr v. Fife, 156 U.S. 494, 15 S.Ct. 427, 39 L.Ed. 508; Broome v. Simon, D.C., 255 F.Supp. 434; Darlington v. Studebaker-Packard Corporation, 7 Cir., 261 F.2d 903; Popkin v. Eastern Air Lines, Inc., D.C., 236 F.Supp. 645.

An order overruling this motion is this day entered.