**Charles Edward McCARTHY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1968.

Charles Edward McCarthy, pro se.

John B. Breckinridge, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

This is an appeal from an order overruling appellant's motion to vacate a judgment of the Daviess Circuit Court fixing his punishment at five years for storehouse breaking and five years for the possession of burglary tools. RCr 11.42. The Daviess Circuit Court overruled the motion to vacate judgment without a formal hearing.

Appellant Charles Edward McCarthy alleges various grounds which he believes entitle him to relief under RCr 11.42. We find substance in none except possibly his allegation that he was denied effective assistance of counsel, and that counsel was at all times hostile.

Appellant states that his appointed counsel did not confer with him until the day of the trial; that counsel did not want to be bothered with trying the case; and that counsel advised him that unless he entered a plea of guilty he (counsel) would "see that you get life as a habitual criminal." It was stated in Lawson v. Commonwealth, Ky., 386 S.W.2d 734 (1965), that the charge of inadequacy of counsel, if made with such particularity as to suggest substance, may become a valid basis for a hearing and relief under RCr 11.42.

The response to appellant's motion for relief in the Daviess Circuit Court merely stated that none of the grounds is subject to attack under RCr 11.42, and that each

of the grounds is subject to an appeal. It is obvious the allegation that appellant was denied effective assistance of counsel, supported by factual allegations specifying facts which, if true, would entitle him to a hearing, is subject to attack under RCr 11.42 and he had the right to be heard thereon.

Nothing in the record shows that appellant was given the opportunity to prove his allegation that he was denied effective assistance of counsel. Consequently, the case must be reversed and an opportunity afforded him to prove that allegation if he can.

The judgment is reversed, with directions that appellant be granted a hearing in conformance with this opinion.

HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.