Charles Edward McCARTHY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 13, 1970.

Stewart B. Elliott, Ronald L. Presser, Owensboro, for appellant.

John B. Breckinridge, Atty. Gen., Charles Runyan, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The appeal is from a judgment overruling appellant's motion to vacate his conviction of storehouse breaking and possession of burglary tools after an evidentiary hearing.

As grounds for reversal appellant states (1) the trial court erred in overruling his motion that the regular judge disqualify himself; (2) his constitutional rights to "due process of law" and "to effective assistance of counsel were denied him"; and (3) he was "coerced by his counsel to plead guilty to the charges" against him.

Appellant was arrested May 10, 1966, placed in the county jail, and indicted all on the same day. Mr. Ralph Wible was appointed counsel for appellant, an indigent person, on the same date of his indictment, and his case was assigned for trial on May 19, 1966. For some unknown reason his case was not tried on the date first assigned, and on May 23, 1966, Mr. Wible was permitted by the court to withdraw as his attorney. Thereupon Mr. Joseph Richard Flaherty was appointed as counsel for appellant, and the case was reassigned to May 31, 1966.

Appellant's motion that the regular judge vacate the bench in his RCr 11.42 proceeding lists these reasons therefor: (1) the same trial judge originally overruled his said motion under RCr 11.42, and it was necessary for appellant to appeal to this court for a hearing, which was directed in McCarthy v. Commonwealth, Ky., 432 S.W.2d 50 (1968); (2) he (Judge Griffith) was prosecutor in his first conviction; (3) he was judge at his second trial and conviction; (4) he was the judge who sentenced him; (5) he "wouldn't give" appellant's "lawyer any time to prepare" his case; (6) he is a "key" witness in this 11.42 motion; (7) he "had to order" appellant's lawyer into trial; and (8) "he got" appellant's "lawyer hostile by ordering him into the Courtroom and bawling him out."

The methods and grounds for removing a trial judge from the bench are provided in KRS 23.230.

In Foster v. Commonwealth, Ky., 348 S.W.2d 759 (1961), we wrote at page 760:

"This statute has been construed to require a statement of facts which not only show bias, prejudice or personal hostility toward the accused, but that such is of a character calculated seriously to impair the judge's impartiality and sway his judgment."

A careful reading of the allegations in the motion that the judge vacate the bench reveals that the judge did nothing more than his duty in the numerous situations

detailed in the motion to vacate. The taxpayers should not have to foot the bill for special judges at the mere whim and demand of persons convicted of crimes without a lawful and substantial ground therefor. See Pessin v. Keeneland Association, 274 F.Supp. 513 (D.C., 1967).

Appellant's second ground for reversal is a hodge-podge grumble in which he refers to "due process" and "the right to effective counsel." In his discussion of this ground, the main thrust of his argument is that his court-appointed counsel did not familiarize himself with the facts and did not communicate adequately with the appellant concerning preparation for trial.

The evidence reflects that appellant's attorney was present at an examining trial of appellant and another, at which all the material facts of the present case were disclosed, which appears to have been sufficient investigation in the absence of any further disclosure of facts by the appellant and a request for investigation.

As for the contention that appellant's attorney did not confer with appellant while he was in jail and failed to present a defense that appellant was "withdrawing from the influence of drugs," it should be noted that appellant's trial was delayed a large part of one day, during which time appellant and his attorney discussed the advisability of appellant's pleading guilty and taking two five-year sentences, running consecutively, in consideration of the dismissal by the Commonwealth of a count in the indictment charging a violation of the Habitual Criminal Act.

Anyway appellant's attorney and another attorney who formerly represented him testified giving evidence wholly contradicting that given by appellant. A question of fact was thus presented which was resolved against appellant. Certainly we do not think the finding of the trial judge was clearly or at all erroneous.

Appellant's final contention that he was coerced by counsel into entering a plea of guilty is so closely related to the second argument and the evidence developed thereunder that the treatment hereinabove given his second point applies here.

The judgment is affirmed.

All concur.